## J. H. McCall vs. W. J. Nave.

1. Accord and Satisfaction.

In law there is no objection to an agreement on the one side to pay, and on the other to accept, a sum of money less than that claimed by the creditor in satisfaction of a disputed balance, and when the debtor pays the original debt is discharged.

2. Account Stated: *Characteristics thereof. Testimony.*

It is the consent of the defendant to the balance claimed that imparts to an account the character of an account stated. This assent may be implied from circumstances, such as the receipt by one merchant of an account from another without objections, etc. It is competent for the defendant to take

from the account sued on the character of an account stated, which the testimony of the plaintiff conduces to give to it. In declaring upon an account stated it is not necessary to set forth the subject-matter of the original debt.

3. SAME: *Statute of limitations.*

There are two features to the statute of limitations—the one having reference to the form of the action, the other to the cause of action. In most cases the cause of action, or subject-matter, determines the limitation, and it is not affected by the form of action.

4. OPEN ACCOUNT: *Account stated. Evidence.*

The liability upon an open account and account stated is distinct, and the proof is different. In the one case it arises from the sale and delivery of the goods, and in evidence that fact and the value completes the right to recover. In the other the liability arises from the *in simul computassent* and the promise to pay the sum found due, whether express or implied. In evidence it would be irrelevant to go back into an investigation of the subject-matter and origin of the indebtedness. The *indebitatus* count gives no notice that evidence will be offered to prove an account stated.

ERROR to the Circuit Court of *Kemper* County.

Hon. ROBERT LEACHMAN, Judge.

All the material facts in the case are stated in the opinion of the court.

The errors assigned are :

1. In rejecting testimony of Patrick McCall, one of defendant's witnesses.

2. In rejecting testimony of defendant, offered in his own behalf.

3. In granting instructions for plaintiff.

4. In refusing instructions asked by defendant.

5. Overruling motion for a new trial.

*Harris & George*, for plaintiff in error.

[No counsel for defendant in error.]

SIMRALL, C. J., delivered the opinion of the court.

W. J. Nave, survivor, etc., brought an action of *indebitatus assumpsit* for merchandise sold and delivered by Nave & Co. to McCall.

The case was tried on the issues of *non assumpsit*, payment, accord and satisfaction, and the statute of limitations of three years.

The errors assigned are predicated of the rulings of the circuit court in rejecting testimony offered by the defendant, in granting and refusing instructions, and overruling the motion for a new trial.

The plaintiff read in evidence a receipt, written at the foot of the bill of particulars, as follows, viz. : " Received, March 14th, of J. H. McCall, a. draft on Carlisle & Humphries for amount of $500. Signed, H. W. Nave & Co.," which was in the defendant's handwriting ; also a letter written by the defendant, referring to the draft and stating, " the balance due you I will pay shortly," and closed his case.

The defendant offered to prove by one P. McCaleb that, between the 15th of February and 10th of March, 1866, he heard a conversation between W. W. Nave, a member of the firm of Nave & Co., and the defendant, in which McCall stated that he found many errors in the invoice of the goods ; some were charged too high—more than the agreed price. Where-upon Nave said that he would give the witness, McCaleb, his original invoices, and let him compare them with those ren-dered to McCall, and that he would correct whatever error or discrepancy there might be. Upon objection by the plaintiff this testimony was excluded.

Defendant then offered himself as a witness, and proposed to prove the correctness of the set-off filed with his plea ; also the incorrectness of the inventory of goods purchased by him from Nave & Co., by overcharges ; also that his allu-sion in his letter to " pay the balance," etc., referred to such balance as might be found due after comparison of the invoices. He also offered to prove that in February, 1867, he paid, by agreement with the plaintiff, to one Stephens $100 in addition to what he had already paid in final satisfaction of the disputed balance ; all which offers of testimony were, on the motion of the plaintiff, excluded.

The proposition affirmed in these rulings was that none of this testimony was pertinent and relevant, and did not tend to disprove the case made by the plaintiff, nor conduce to prove

any issue raised by the pleadings. The weight or sufficiency of the testimony for the purpose proposed was not involved in these questions of admissibility.

The value of it as proof was a consideration for the jury. Certainly under the plea of payment it was competent to prove the offsets.

Under the plea of accord and satisfaction it was legitimate to prove, or conducing to prove, the accord, and that defendant had performed it.

In law there is no objection to an agreement on one side to pay, and on the other to accept, a sum of money less than that claimed by the creditor in satisfaction of a disputed balance, and, when the debtor pays, the original debt is discharged.

It would seem from the body of the testimony that Nave & Co. sold out to McCall a stock of goods at Selma, Alabama. The plaintiff assumed on the trial that the account rendered had become an account stated, by reason of the receipt indorsed on it, and the letter of the defendant.

To meet and obviate that position the defendant desired to show that the price was according to the original invoices, and that the schedule rendered contained overcharges, and that the true balance was to be determined by a comparison of the papers. In the same connection he proposed to explain that the reference to the balance shortly to be paid, in his letter, meant such sum as would be ascertained in the mode above stated.

Manifestly it was competent and proper for the defendant to take from the account the character of an account stated, which the plaintiff's testimony conduced to give it. The receipt at the foot of the bill of particulars, written by the defendant, or with his consent, would go very far to warrant the inference that the account as stated was correct ; his letter, addressed to the plaintiff at or about the same time, strengthens that view. The rejected testimony tends to show that the balance due was indefinite and unfixed, and that there had not been an accounting and an acknowledgment of a definite sum.

32

The acknowledgment by the defendant that a certain sum is due creates an implied promise to pay, and it is not necessary to set forth the subject-matter. of the original debt. 1 Chit. Pl., 358. It is the consent of the defendant to the balance claimed that imparts to it the character of an account stated. Assent may be implied from circumstances, such as the receipt by one merchant of an account from another without making objections. Stebbins v. Niles, 25 Miss., 348. We think the testimony offered on this point ought to have been admitted, leaving its effect to the jury.

There are two features to our statutes of limitations—the one having reference to the form of the action, the other to the cause of action. In most cases the cause of action, or subject-matter, determines the limitation, and it is not affected by the form of action. Thus, in assumpsit there may be the *indebitatus* count for goods sold and delivered, a count on a promissory note, and a third on an account stated.

A different period of limitation applies to the cause of action in the first count from that which governs the others. Art. 5, Code, 1857, p. 399.

The statute recognizes the same distinction between an account stated and the ordinary "open account" as obtains in the unwritten law. The injunction is that the suit, whether in debt or assumpsit, on an "open account" must be brought in three years. But the "account stated" is included in the prior clause, in the words "contract or liability, express or implied," "not under seal," and must be sued upon in six years.

The liabilities are distinct and the proof is different. In the one case it arises. from the sale and delivery of the goods, and in evidence that fact and the value make out a right to recover ; but in the other the liability arises from the "*in simul computassent*," and the promise to pay the sum found due, whether express or implied. In evidence it would be irrelevant to go back into an investigation of the subject-matter and origin of the indebtedness.

· Pleading has been always confined to these different causes of action, which demand proof peculiar to each, and which are cut off by different periods of limitations.

The *indebitatus* count gives no warning that evidence will be offered to prove an account stated. It may be, and generally is, true that the same evidence which establishes an account stated, when the subject-matter is the sale of merchandise, will also authorize a recovery in *indebitatus assumpsit*. But the remedy on the open account is gone in three years.

The question, then, comes to this : The parties went into trial on *non assumpsit* and limitation of three years pleaded to the *indebitatus assumpsit* on an open account. The plaintiff in his evidence proposes to shift his ground and prove a different contract and liability, and thereby avoid the applicability of the statute of three years, and that, too, when he has taken issue on the plea. ·

If that could be done, then the plaintiff may abandon the case stated ·in his declaration, and recover upon a different cause of action, proved on the trial, which is wholly inadmissible. ·

The plaintiff ought to have amended his declaration by introducing a count appropriate to his testimony. That became especially necessary in view of the statute of limitations. ·The goods were sold in 1866 ; on the 2d of April, 1867, the statute of limitations was put in motion. The suit was brought in 1871, quite four years afterwards, and quite as long after the date of the letter of the defendant relied upon to take the case out of the statute. The plea of the defendant was sustained, that the cause of action did not accrue within the three years. The plaintiff failed to obviate it by sustaining his replication of a new written promise within the time.

It follows that the verdict was contrary to the evidence.

There was no appropriateness in that class of instructions to the jury that rested on the theory that they were trying a case of " account stated."

It is *as such* the duty of the judge to confine himself to the

principles of law applicable to the case, so that he may guide the jury to a proper conclusion in the consideration of the facts.

Judgment reversed and cause remanded for a new trial.