## MARTHA E. DARRILL *v.* RUFUS E. DODDS ET AL.

1. PRACTICE.  *Nonjoinder of plaintiff.*  *Code* 1892, § 664.  *Waiver.*

   The nonjoinder of a plaintiff is waived by the defendant unless objection be made in writing before the trial begins (code 1892, § 664), and cannot be availed of in the supreme court for the first time.

2. AUDITOR'S DEED.  *Evidence.*  *Constructive possession.*

   An auditor's deed and a chain of title from the grantee therein to the plaintiff, with proof of the payment of taxes by him, is insufficient to show such title to, or possession of wild land as will maintain a recovery for trees cut thereon.

3. COMPROMISE.  *Acceptance of check.*  *Estoppel.*

   The acceptance by a plaintiff of a check sent him by defendant in a letter, stating that it was sent in full for the value of trees cut on his land, estops him from demanding the statutory penalty for the wrongful cutting of the trees, although he wrote, in acknowledging the check, that he would give credit for it and claim more.

FROM the circuit court of Sunflower county.

HON. FRANK E. LARKIN, Judge.

The appellant, Darrill, was plaintiff, and appellees, Dodds and others, were defendants in the court below.  The opinion of the court states the case.

*Hill & Sisson,* for appellant.

There was no written notice of the nonjoinder filed with defendant's plea, as is required by § 664, code of 1892, and if there had been, the declaration could have been amended without working any hardship on defendants.  Plaintiff was not required to show such title in this action as would be necessary in ejectment.

Plaintiff, by her husband, exercised ownership and control over the land; sold the timber on section 33 to the defendants

and refused to sell the timber on section 34 to them; she did other things evincing her possession and control—had some land cleared. Her husband also had a cabin on the land and made trips over there to look after this property.

Appellees also recognized her title and ownership, and wrote to her that on investigation of the title they found she was the owner of the land instead of the other parties they thought they had bought from, and they further recognized her title and right to the extent of trying to settle with her for the timber.

After this proof was made, it was incumbent on the defendants to show title, either in themselves or in some third party, to defeat the action. *Ware* v. *Collins*, 35 Miss., 223; 54 Miss., 708; 6 Ill., 49; 31 Kan., 310; 4 Ill., 532; 5 Kan., 151; 29 Kan., 28; 7 Kan., 35; 9 Kan., 199.

*Johnson & Chapman*, for appellees.

To show plaintiff's title to the land on which defendants cut timber, she read in evidence a deed from the auditor of public accounts to W. A. Montgomery, dated January 10, 1889; a deed from W. A. Montgomery conveying same land to C. L. Kidd, dated January 11, 1889; a deed by C. L. Kidd conveying same land to J. W. Rainey, dated January 11, 1889; and showed that the plaintiff was the widow of J. W. Rainey, who died before suit began. Rainey, at the time of his death, which occurred in 1894, left surviving him a widow and two children. One of these children died in March, 1897 or 1898, and the other is still living, about eight years old. There was, therefore, a misjoinder, or rather, a nonjoinder of a plaintiff, and this itself was sufficient to defeat the action. *Haley* v. *Taylor*, 77 Miss., 867.

In order to maintain this action, the plaintiff must show possession with color of title to the land on which the trespasses are alleged to have been committed, or she must show title. Color of title alone is insufficient; it is only sufficient when

coupled with possession.    Blackstone's Com., 210 ; *Fitch* v.
*New York, etc., Railroad Co.*, 10 L. R. A., 190 ; *Church* v.
*Meeker*, 4 Conn., 422 ; *McCleary* v. *Anthony*, 54 Miss., 710 ;
*Winkler* v. *Meester*, 40 Ill., 349 ; *Heinrichs* v. *Terrell*, 65
Iowa, 25.

The auditor's deed, unaccompanied by a properly certified
list of lands struck off to the state for unpaid taxes, is not
even *prima facie* evidence of title in the grantee.

Argued orally by *E. Johnson*, for appellee.

TERRAL, J., delivered the opinion of the court.

Mrs. Mattie Darrill, owning a one-third interest in the south
half of the north half of section 34, township 21, range 3,
west, in Sunflower county, sued R. E. Dodds & Bros., the first
count being in debt and claiming therein the sum of $3,735,
the statutory penalty for cutting down and carrying away from
said land forty-four ash trees and 205 oak trees at fifteen dol-
lars per tree; the second count being in assumpsit for the sale
of said trees by plaintiff to defendants for a reasonable price,
and alleging said trees to be reasonably worth $3,735.    The
defendants had a verdict and judgment by reason of a peremp-
tory instruction, and the case is here by appeal.

Insistence is made here for the first time in support of the
judgment that the co-tenant of Mrs. Darrill should have been
joined with her in the action, whether in debt for the penalty
or in assumpsit for the reasonable value of the trees.    If such
point had been made in the court below, the plaintiff could have
easily remedied the matter by amending the complaint and add-
ing the name of her co-tenant as a joint plaintiff; by reason of
§ 664 annotated code, a defect by nonjoiner of plaintiffs is
waived unless made in writing in the circuit court before the
trial commences.

The trial judge has not specified upon what ground the
peremptory instruction was given, and we are left to determine

that matter upon the issues made and the evidence given under them. The lands were wild or vacant lands, unoccupied and uncleared, and, to show constructive possession, besides the payment of taxes, the plaintiff gave in evidence a conveyance from the State of Mississippi by its auditor, W. W. Stone, dated January 10, 1889, to W. A. Montgomery, and a chain of title from him to her former husband, J. W. Rainey. No title was shown in the state, nor other evidence of paper title was given except as above stated. It was also in evidence that the defendants, having cut down some 249 trees upon the land claimed by Mrs. Darrill, acknowledged the same by letter and claimed that they did such cutting through a mistake, really supposing they had made the purchase of them from another party; and upon making an account of what the trees were worth at the price agreed upon between them and the supposed owner, they sent a draft for the said sum of money ($281) to Mrs. Darrill, and requested her in the letter accompanying it to accept it "in settlement of your timber." Mrs. Darrill collected the draft and appropriated the money to her use, and her husband wrote defendants they would give them credit for the $281 paid. It seems hardly possible that the law would permit Mrs. Darrill to take the $281 given by defendants in payment of her timber at its market value, and then turn round and claim the statutory penalty of fifteen dollars per tree. The payment of the $281, as the expressed satisfaction for her timber at its market value, and her acceptance of it with a knowledge of the terms upon which it was paid, was an election upon her part to consider the timber sold at its market value, and this election she could not thereafter repudiate. She may not play fast and loose in the same transaction.

But the plaintiff did not show a possession of the land from which the trees were cut, and this defect in her proof entitled the defendants to a verdict. To maintain trespass or debt for the statutory penalty in the commission of the trespass, the plaintiff must have possession or title. A title being shown,

it draws to the holder of it a constructive possession which will support the action; but where no title is shown the plaintiff must prove possession of the land upon which the trespass is alleged to have been committed, and, in default of such proof, he will not be entitled to recover.    The plaintiff showed no title in herself, because she showed none in the state, under whom she derivatively claims.    Her conveyances would constitute color of title which would ripen by a ten years' actual possession of the lands into a title, and, with evidence of possession thereunder, would support this action, but of themselves they imported nothing; nor did the payment of taxes, or the mere claim of ownership, amount to possession.    There was no possession of the land shown in the plaintiff, and without possession her suit is not sustainable.    Actual possession is sufficient evidence of title to support trespass; and, of course, title will support the action, but where there is neither title nor actual possession, the plaintiff must not only show color and claim of title, but also possession thereunder.    *Ware* v. *Collins,* 35 Miss., 223; *Dejarrett* v. *Haynes,* 23 Miss., 600.    This proof the appellant did not make.

*Affirmed.*