A. GREENER & SONS *v.* P. W. CAIN & SONS.*

(In Banc. Nov. 3, 1924.   Suggestion of Error Overruled Dec. 15, 1924.)

[101 So. 859.   No. 23777.]

1.  ACCORD AND SATISFACTION. *Executed agreement by creditor to take less than amount owing is binding, although without consideration.*

    Although an unexecuted contract between debtor and creditor by which the latter agreed to take a less amount than owing on a past due indebtedness was void and unenforceable because there was no new consideration, nevertheless, where such a contract had been executed, it is binding, and the creditor cannot sue for the balance, although there was no consideration for the new contract.

2.  ACCORD AND SATISFACTION. *Creditor cannot accept money and reject goods tendered in full payment of debt.*

    Where a debtor tendered the creditor in full payment and satisfaction of a liquidated overdue debt goods at invoice price and a check for the balance, on which check there was indorsed "in full of account to date," which check the creditor accepted and credited the debtor with the proceeds thereof, but declined to accept the goods, *held*, that the tender by the debtor of the goods

137 Miss.—3.

and check was an entirety which had to be accepted or rejected by the creditor as made, and the acceptance by the creditor of the check bound him to accept likewise the tender of the goods; that the acceptance of one was the acceptance of both.

SMITH, C. J., and HOLDEN, J., dissenting.

*Headnotes 1. Accord and Satisfaction, 1 C. J., section 44; 2. Accord and Satisfaction, 1 C. J., section 95 (1926 Anno).

APPEAL from circuit court of Monroe county.

HON. C. P. LONG, Judge.

Action by A. Greener & Sons against P. W. Cain & Sons. From a judgment for defendants, plaintiffs appeal. Affirmed.

*B. H. Loving,* for appellants.

*McFarland & Holmes,* for appellee.

Briefs in this case not available to the reporter.

ANDERSON, J., delivered the opinion of the court.

Appellants, A. Greener & Sons, sued appellees, P. W. Cain & Sons, for a balance of one hundred thirteen dollars and twenty-five cents alleged to be due on open account. By consent of the parties the circuit court tried the case sitting as judge and jury, and rendered a judgment in favor of appellees from which appellants prosecute this appeal.

Appellants were wholesale merchants in Memphis, while appellees were retail merchants in Monroe County in this state. Appellees purchased a bill of goods from appellants on which there was a balance due of one hundred and thirty-five dollars. Appellees admitted they were due appellants that amount, and that it was past due. The amount due was therefore liquidated and admitted by appellees to be overdue. Appellees tendered appel-

lants in full payment and settlement of the indebtedness one hundred thirteen dollars and twenty-five cents worth of goods at invoice price which they had bought from appellants, and their check for the balance, twenty-one dollars and seventy-five cents, making the one hundred and thirty-five dollars. The tender was made in this manner: Appellees shipped to appellants by express the goods, and wrote appellants a letter, inclosing a check for twenty-one dollars and seventy-five cents, upon which was noted "in full of account to date," and asked appellants to accept the goods and the check in full of the indebtedness, claiming that on account of ¬dverse business conditions they could do no better. Appellants thereupon indorsed the check for twenty-one dollars and seventy-five cents, and took credit for the amount with their bank, which check in due course was paid by appellees. Appellants declined, however, to accept the goods shipped them by appellees, and promptly so notified the appellees, and demanded payment of the balance of one hundred thirteen dollars and twenty-five cents in money. Appellees refused payment, whereupon appellants brought this suit for said balance. Appellees' position is that acceptance by appellants of the check for twenty-one dollars and seventy-five cents was .n acceptance also of the goods tendered by appellees. In other words, appellees contend that what took place amounted to an executed accord and satisfaction for a liquidated past-due indebtedness. On the other hand, appellants contend that the minds of the parties never met; that they had a right to accept and appropriate the check for twenty-one dollars and seventy-five cents, which was only a part of what was justly due them, and reject the tender of the balance in goods.

It was held in *Clayton* v. *Clark*, 74 Miss. 499, 21 So. 565, 22 So. 109, 37 L. R. A. 771, 60 Am. St. Rep. 521, that, although an unexecuted contract between debtor and creditor by which the latter agreed to take a less amount than owing on a past-due indebtedness was void and un-

enforceable because there was no consideration, nevertheless, where such a contract had become executed, that is, where the lesser amount had been paid and the evidence of debt surrendered, the contract was binding, and the creditor could not sue for the balance, although there was no consideration for the new contract; that an executed contract of that character was tantamount to the creditor, making a gift to debtor of the balance due, which he had a right to do, and when done was binding between them.

We are of opinion that the principles laid down in that case are largely controlling here in favor of appellees. It is true that appellants declined the tender of the goods, but at the same time they accepted the tender of the check. This they could not do. The tender was an entirety. Appellants could not split it to suit themselves; they had to take all of it or none of it. And when they took part of it the law imposed the duty upon them to take the balance whether they would or not. They had to accept or reject the tender according to its terms. Putting it differently, their acceptance and appropriation of the check was unauthorized, unless at the same time they were willing to take the balance due in the goods tendered by appellees.

*Affirmed.*

SMITH, C. J. (dissenting).

Judge HOLDEN and I are of the opinion that judgment of the court below should be reversed.

Unless a statute otherwise provides, the rule in England, and in probably all of the American states except New Hampshire and Mississippi (1 C. J. 543), is that:

"Where the debt or demand is liquidated or certain and is due, payment by the debtor and receipt by the creditor of a less sum is not a satisfaction thereof, although the creditor agrees to accept it as such, if there

be no release under seal or no new consideration given.''
1 C. J., section 40, p. 539.

In this state this court finally overruled its former decisions on the subject, and held in *Clayton* v. *Clark,* 74
Miss. 499, 21 So. 565, 22 So. 189, 37 L. R. A. 771, 60 Am.
St. Rep. 521, that the acceptance by a creditor from his
debtor of a sum less than the amount due him, even
though his claim therefor is liquidated, with an agreement that it shall be received in full satisfaction of the
amount due extinguishes the entire debt. In order, however, for a creditor's entire debt to be extinguished by
the payment to him of a part thereof, the payment must
have been in fact tendered as in full, and to have been
understood by the creditor when he accepted it to have
been so tendered. *Cooper* v. *Y. & M. V. R. Co.,* 82 Miss.
634, 35 So. 162.

In our opinion no such tender was here made and accepted. Certainly the appellants did not so understand
that the check was so tendered. In order that our reason
for so holding may the more clearly appear, I will restate
the case and set out the evidence more fully than has been
done in the opinion in chief.

The appellants are wholesale merchants, doing business
in the city of Memphis, Tenn., and the appellees are retail
merchants doing business in Monroe county, Miss., who
on December 17, 1920, owed the appellants a balance of
one hundred and thirty-five dollars on merchandise theretofore purchased from them, for the payment of which
the appellants were pressing the appellees and threatening to sue therefor. All of the evidence bearing on the
alleged payment of this balance is contained in several
letters which passed between the parties, except such as
may be hereafter referred to, and which are as follows:

"Prairie, Miss., Dec. 17, 1920.

"A. Greener & Sons, Memphis, Tenn.—Gentlemen: We
are returning to you by express prepaid some of over

shirts.  We hate very much to have to settle the account this way, but owing to conditions we feel that it is only justice to you, as we are not able to meet our obligations this year.  We are facing conditions such that we have never before seen or heard of, and we are forced to return them as part payment.

"Yours truly,
"P. W. CAIN & SON."

"Memphis, Tenn., Dec. 18, 1920.

"P. W. Cain & Son, Prairie, Miss.—Gentlemen:  We are indeed surprised at your favor of the 17th instant, wherein you state that you are returning us merchandise. You know at this time we would not be willing to accept for credit merchandise, shipped you last July, hence we are today instructing our receiving department to refuse to accept this shipment when it reaches us, and we would kindly ask that you advise the express company what disposition to make of same.

"We are crediting your account with your check that you sent us for twenty-one dollars and seventy-five cents. This leaves a balance of one hundred thirteen dollars and twenty-five cents which you owe us on this bill and while at this time same should be paid, we wish to show you that we want to be more than fair, and we are therefore willing to accept two notes, one due January 1st and the other January 15th to cover this balance.  We are therefore inclosing two notes, and would kindly ask that you sign and return to us so that we may have this matter settled.  Please let us have these papers by return mail and advise the express company what disposition to make of merchandise returned to us and oblige.

"Yours very truly,
"A. GREENER & SONS."

"Prairie, Miss., Dec. 20, 1920.

"A. Greener & Sons, Memphis, Tenn.—Gentlemen: Your letter received.  Beg to say if you only knew con-

ditions here you would appreciate us returning the goods to you as that is the only way we have of settling this account.   We are sorry to have to return the goods, but conditions have made it necessary.

"Yours truly,<br>"P. W. CAIN & SON."

Memphis, Tenn., Dec. 21, 1920.

"P. W. Cain & Son, Prairie, Miss.—Gentlemen:   Replying to your favor of the 20th instant, we beg to state that at this time we will not take back for credit merchandise that you returned us, as same is now in the hands of the transportation company where you put it, and it will stay there until you claim it, as this is not our merchandise, and we will not receive same.

"We beg to state that we are again returning your notes, and unless it is satisfactory for you to sign these notes and return same promptly, or let us have check for one hundred thirteen dollar and twenty-five cents to cover the balance due us, we will instruct our attorney to bring suit immediately to cover our claim.   Please do not force us to these steps, but let us have check or notes by return mail.   We will not carry this matter any longer than the 27th instant, and if we cannot hear from you by that time we will immediately place your account with our attorney for collection.

"Yours respectfully,<br>"A. GREENER & SONS."

Prairie, Miss., Dec. 22, 1920.

"A. Greener & Sons, Memphis, Tenn.—Gentlemen: Your letter just received.   Beg to say that other drygoods houses are accepting goods at part payment, also refunding to the retail merchants the difference in declines.   We consider it a favor to you to return the goods, as that is our only way of paying.

"Yours truly,<br>"P. W. CAIN & SON."

"Memphis, Tenn., Dec. 28, 1920.

"P. W. Cain & Son, Prairie, Miss.—Gentlemen: Replying to your favor of the 22d instant we beg to state that we would under no conditions take back to-day merchandise shipped you last July.

"Furthermore, we could not make you any allowance on this merchandise, for you appreciate that when merchandise advanced no customer of ours ever made us an offer to pay us more than they had bought. Hence during the last few years we have shipped thousands of dollars worth of merchandise that stood us a loss at the time we shipped same.

"Therefore, when the market has gone the other way, it is nothing but fair that each and every one of us take our own loss, and therefore we cannot make you any allowance, but must insist upon receiving check to cover the balance due us not later than January 3d.

"If we cannot hear from you by that date, we will place your account with our attorney for collection. Hence we trust you will not force us to these steps, but allow us to retain our past friendship by letting us have check by Jan. 3d, and oblige.

"Yours very truly,
"A. GREENER & SONS."

A check for twenty-one dollars and seventy-five cents and a written memorandum as follows: "To merchandise returned to A. Greener & Sons, one hundred thirteen dollars and twenty-five cents," were inclosed in the letter from Cain & Son of December 17, 1920, to Greener & Sons, though neither was referred to therein. Written on the face of the check were the words, "In full account to date," which words seem not to have attracted the attention of Greener & Sons, for the member of that firm who handled the matter testified relative thereto as follows:

"I could not say offhand whether any such check was written 'in full account to date,' or words to that effect,

but, even if such were the case, I would merely credit the defendants' account with the amounts received, because under the laws of Tennessee I understand that such statement upon a check is not the determining factor as to whether an account is in this fashion paid in full.''

From this correspondence it seems clear that the appellees intended, and that the appellants so understood their letters, to pay twenty-one dollars and seventy-five cents on the account due by them to the appellants, and to tender the shirts as ·stated in their letter· of December 17, 1920, ''as part payment'' of the balance due. If such was not their intention, it is hardly possible that they would not have so indicated in their subsequent letters wherein they each time insisted on the goods being accepted without making any reference at all to the check. There is nothing in the record to indicate that either the appellants or the appellees understood that by accepting the check the appellants had thereby also accepted the appellees' offer to return the goods, and the case was not argued here on any such theory by counsel for the appellees. Their contention as set forth in their brief is that:

''The sole and only point involved in this case is whether or not the acceptance by appellants of the check from appellees for an amount less than they claimed to be due, which check was marked 'In full of account,' is an accord and satisfaction for this debt.  .  .  .  In the case at bar appellees tendered a less amount in full satisfaction of appellants' claim, and appellants had the right to accept or reject the offer, and having accepted the offer, they accepted it on the condition that it released the claim · in full.''

In passing, I will say that it may be that the appellants' understanding that the effect of the words ''In full of account ·to date'' on the check should be determined by the laws of Tennessee, the state where the payment was made, may be correct. Counsel, however, have argued

the case on the theory that the effect thereof is controlled by the laws of Mississippi, and the court has therefore assumed, without deciding, that such is the case.