PHILLIPS *v.* ST. PAUL FIRE & MARINE INS. CO.

(Division A. Jan. 13, 1930. Suggestion of Error Overruled Jan. 27, 1930.)

[125 So. 705. No. 28315.]

Boggan & Leake, of Tupelo, for appellant.

Paine & Paine, of Aberdeen, for appellee.

Argued orally by **J. W. P. Boggan**, for appellant, and by **Thos. Fite Paine**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

F. M. Savery was a local agent for the appellee, and this suit was filed against him by it for an accounting as to premiums collected by him, and for a decree for the amount found to be due by him to the appellee, alleged in the bill of complaint to be five hundred eight dollars and eighty-one cents with interest thereon. Savery answered denying liability and pleading a settlement with the appellee under which he paid and it accepted, the amount agreed on. F. M. Savery died while the suit was pending, and it was revived in the name of his administratrix.

The evidence discloses that Burnham, an agent of the appellee, under its instruction, called on Savery for a settlement; that they were unable, from Savery's books, to ascertain the amount due. The negotiations for the

settlement were conducted by Burnham with J. M. Savery, a son and employee of F. M. Savery, the appellee's agent. Burnham stated that Savery did not deny his liability to the appellee, but that "they disputed the full amount." J. M. Savery, the son, testified that all the liability was denied, but that his father accepted the amount which Burnham finally determined was due by him and paid it. In order to arrive at the amount due by F. M. Savery, Burnham telegraphed the appellee for a statement of the amounts paid by Savery during the years for which the settlement was being made. The appellee answered the telegram setting forth the amounts so paid. On the information thus disclosed by the telegram, Burnham arrived at the conclusion that there was a balance due by Savery to the appellee of sixty-one dollars and ninety cents. Savery gave Burnham a check on the Citizens' State Bank for that amount, payable to appellee's order, reciting in the face thereof that it was "for final fire and auto balance due the Company." Burnham says he explained to Savery that this settlement was subject to the appellee's approval. He forwarded the check to the appellee in a letter stating what had occurred; that he did not feel satisfied about it, and asked for advice as to the correctness of the settlement. The check was cashed by the appellee and the money collected thereon was retained by it. The appellee then advised Burnham that it had already given Savery credit on a prior account for some of the payments made it by him, and set forth in the appellee's telegram to Burnham, and advised him, also, of the balance it claimed to be due by Savery, and directed Burnham to collect it. Savery declined to pay, and this suit followed.

The question here presented is simply one of accord and satisfaction. The check was given with the appellee's knowledge by Savery in settlement of a disputed claim, and when the appellee cashed the check and re-

tained the money collected thereon, it ratified the settlement that Burnham made with Savery, and the agreement became thereby executed, and the appellee cannot now maintain an action on its original claim against Savery. Clayton v. Clark, 74 Miss. 499, 21 So. 566, 22 So. 189, 37 L. R. A. 771, 60 Am. St. Rep. 521.; Cooper v. R. Co., 82 Miss. 634, 35 So. 162; Greener & Sons v. Cain & Sons, 137 Miss. 33, 101 So. 859; and May Bros. v. Doggett (Miss.), 124 So. 476, decided at the present term.

But it is said by counsel for appellee that a mistake was made by both Burnham and F. M. Savery in arriving at the amount due by Savery to the appellee, which mistake a court of equity has the power to correct, and when corrected, the decree of the court below is for the proper amount. The bill of complaint contains no averment submitting such question for decision; but, aside from that, and assuming that Savery participated in the mistake made by Burnham in arriving at the amount due by Savery to the appellee, the check he tendered was in full payment of his account with the appellee, and this the appellee knew, and when it cashed the check and retained the money collected thereon, it knew also that, according to its books, Savery owed it more than the amount thereof, and the rule is that: "If a creditor accept from his debtor a sum of money tendered in full satisfaction of his debt, and which would not otherwise have been paid to him, there is an accord and satisfaction, and he cannot recover more, although at the time he accepted he protested that more was due, and threatened to sue for the balance." Cooper v. R. Co., 82 Miss. 634, 35 So. 162.

The decree of the court below will be reversed, and the bill will be dismissed.

Reversed and dismissed.