CITY OF COLUMBIA *v.* FOXWORTH.

(Division A. Feb. 16, 1931.)

[132 So. 451. No. 29220.]

Rawls & Hathorn, of Columbia, for appellant.

C. R. Foxworth and T. B. Davis, both of Columbia, for appellee.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a judgment in favor of the appellee, Mrs. C. R. Foxworth, against the appellant, city of Columbia, for the sum of one hundred dollars, with interest at six per cent. per annum from the 12th day of July, 1923.

In 1923 the city of Columbia desiring to purchase for fairground and park purposes certain land owned by Mrs. Foxworth, the mayor and board of aldermen of the city passed an order directing the mayor to appoint a committee to secure from Mrs. Foxworth a thirty days' option to purchase said land. Thereafter Mrs. Foxworth executed to W. H. Austin an option reciting that:

"In consideration of the sum of one hundred dollars cash to me in hand paid, the receipt of which is hereby acknowledged, I do hereby grant unto W. H. Austin, the right to purchase at any time within thirty days from this date the following described land situated in Marion county, Mississippi, to-wit (describing lands). The purchase price of said land is to be the sum of three thousand dollars, payable in cash, upon the payment of which I agree to make, execute and deliver unto said W. H. Austin, a good, valid and sufficient deed of conveyance, conveying said land to said W. H. Austin, with a covenant of general warranty of title, free from all liens."

Upon the same day that this option was executed, by an order of the mayor and board of aldermen of the city,

a warrant for one hundred dollars was issued to W. H. Austin, reciting on its face that it was in "payment of option on about twenty-five acres land belonging to Mrs. Mary Foxworth." On July 12th thereafter Mrs. Foxworth executed and delivered to the city of Columbia a warranty deed conveying to it the land described in the option, this deed reciting that it was executed "in consideration of the sum of three thousand dollars cash to me in hand paid, the receipt of which is hereby acknowledged." At the time she executed and delivered this deed, Mrs. Foxworth received from the city, and indorsed and collected, a warrant for two thousand nine hundred dollars, which recited on its face that it was "for balance of the purchase price 23 a. land."

More than five years after the consummation of this sale and the acceptance of this warrant for two thousand nine hundred dollars as "the balance of the purchase price" of said land, the appellee filed this suit to recover an additional one hundred dollars now alleged to be due. On the trial of this cause there was no effort to show that there was any fraud connected with the negotiations for, and consummation of, the sale of this land. The proof shows that the entire transaction was fairly and openly conducted, and that the appellee was in no wise misled as to any of her rights. By the tender of this warrant with the notation thereon that it was for the balance of the purchase price of the land, the appellee was given notice of the fact that the officers and representatives of the appellant city understood that the one hundred dollars paid to her for the option was to be applied on the purchase price of the land in the event the option to purchase was exercised, and that they were concluding the purchase on that basis, and were offering the warrant for two thousand nine hundred dollars in full discharge of all obligations assumed by it in consummating the purchase. With this notice to appellee on the face of the warrant tendered,

she delivered the said deed, accepted the warrant, indorsed the same, and collected and used the proceeds thereof. The contract of sale was thereby fully executed on the basis of the construction placed thereon by the appellant, and accepted by the appellee, as to the amount due thereunder to the appellee, and thereby it became binding upon her and she cannot sue for any alleged balance. Greener & Sons v. P. W. Cain & Sons, 137 Miss. 33, 101 So. 859; May Bros. v. Doggett, 155 Miss. 849, 124 So. 476.

It follows from the views above expressed that the peremptory instruction requested by the appellant should have been granted, and therefore the judgment of the court below will be reversed, and judgment will be entered here for the appellant.

Reversed, and judgment for appellant.