METROPOLITAN LIFE INS. CO. *v.* PERRIN.

(Division A.   Oct. 17, 1938.)

[183 So. 917.  No. 33341.]

Wells, Wells & Lipscomb, of Jackson, for appellant.

Graham & Graham, of Meridian, for appellee.

Argued orally by **W. C. Wells, Jr.**, for appellant, and by **S. M. Graham,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

On December 23, 1937, the appellee filed his declaration in the court below against the appellant on two insurance policies issued by it to him in November, 1923, by which the appellant agreed to pay the appellee the sum of $50 per month on each of the policies in event he should become totally disabled. The declaration alleges that he became totally disabled on the first day of May, 1933, and defendant has failed and refused to pay him the $100 a month due him for the months of May to September, 1933, inclusive, aggregating $500, and prays a recovery thereof. The appellee filed a special plea of accord and satisfaction alleging:

"That on or about the 27th day of January, 1934, it forwarded by mail postage prepaid, to the plaintiff at his home address in Basic, Mississippi, its certain check in the amount of $500.00, being check No. D—450973, which check was in full payment of all claims for total and permanent disability under the policies sued upon herein to, and including the 1st day of February, 1934. A photostatic copy of said check is attached hereto marked Exhibit 'A,' and prayed to be made a part hereof the same as if copied herein in words and figures.

"That said check was received by the plaintiff herein on or about the 29th day of January, 1934, and on receipt thereof the said plaintiff herein telegraphed your defendant as follows:

" 'Cannot accept check for five hundred dollars disability commenced May first nineteen thirty three and you were notified at that time I ceased working October first and filed request proof November seventh I am due a check for one thousand dollars covering from May first nineteen thirty three to and including February nineteen

thirty four wire immediately by Western Union or I will be forced to return check and file suit.'

"An exact copy of said telegram is attached hereto as Exhibit 'B' and prayed to be made a part hereof the same as if copied herein in words and figures.

"That upon receipt of such telegram, and on January 29th, 1934, your defendant wrote the plaintiff and stated in such letter that he was entitled to disability benefits only from October 1st, 1933, and that said check for $500.00 represented the entire amount due him under the terms and conditions of the contracts of insurance sued upon. An exact copy of said letter is attached hereto as Exhibit 'C,' and prayed to be made a part hereof the same as if copied herein in words and figures.

"That plaintiff with full knowledge of the fact that the defendant was claiming and maintaining that the said sum of $500.00 was the entire amount due him under the contract, accepted said check and cashed same at the Merchants and Farmers Bank of Meridian, Mississippi, under date of February 1st, 1934.

"That at the time of the receipt of such check, and the cashing of same, the defendant, in good faith, disputed and denied its liability to the plaintiff with respect to the matters alleged in the declaration, and that the acceptance of said check in the amount of $500.00, and the cashing of same, and that the retaining of the proceeds thereof, constituted an accord and satisfaction of all amounts claimed by the plaintiff to be due, including the amount sued for herein.

"Wherefore, your defendant states that it is not indebted to the plaintiff in the amount sued for on account of such accord and satisfaction, all of which it is ready to verify."

The copy of the check referred to in the plea reads as follows:

"Metropolitan Life Insurance Company
Warrant Number Policy No. Disability No. Income No.
New York Check No.
Feb. 1, 1934 D-459873
(Not valid Be-
Order of fore this date)
"Pay to Robert O. Perrin $500.00 Five Hundred
00/100 Dollars.
"For total and permanent disability payment under
designated policy on above date. "To The Chase Na-
tional Bank of the City of New York Metropolitan Branch
"G. H. Thompson,
"For the Treasurer (Seal)"

On the back of the check appears the signature of the
appellee immediately following the words (which ap-
peared thereon when the check was received by the ap-
pellee) : "Received payment in full as detailed on reverse
side. By this endorsement I guarantee that I am totally
disabled from working for compensation or profit." The
letter referred to in the plea as Exhibit C thereto (which
the reporter will set out in full) sets forth that the month-
ly disability payments of the policies did not commence
until October 1, 1933, giving the reasons therefor, and
that the settlement offered the appellee was in accordance
with the terms and conditions of the policies. A demurrer
to this plea was sustained and the appellant declin-
ing to plead further, a judgment was rendered for the
appellee in accordance with the prayer of his declaration.

The question then presented is whether the acceptance
by a creditor from his debtor of less than what the debtor
actually owes him in full settlement of the debt con-
stitutes an accord and satisfaction. Under all of the
authorities if "A owes B a debt which is unliquidated, or
of which either the existence or amount is honestly and
reasonably disputed, a payment of any amount by A is
sufficient consideration for B's agreement to accept it in

full satisfaction.'' Rest. Contracts, Vol. 1, Sec. 76, Comment a. and Illustration 4 thereof, and Vol. 2, Sec. 420; Williston on Contracts, Rev. Ed., Vol. 1, Secs. 128 and 129, and Vol. 6, Sec. 854; 1 Am. Jur., Accord and Satisfaction, Sec. 60; 1 C. J. S., Accord and Satisfaction, Sec. 32. And such also is the rule of this court. Among its decisions so holding are: McCall v. Nave, 52 Miss. 494; Darrill v. Dodds, 78 Miss. 912, 30 So. 4; Cooper v. Yazoo & M. V. R. Co., 82 Miss. 634, 35 So. 162; Phillips v. St. Paul Fire & Marine Insurance Co., 156 Miss. 41, 125 So. 705.

This court, however, goes further than the authorities generally and holds that it is immaterial whether the creditor's claim is liquidated or disputed. Clayton v. Clark, 74 Miss. 499, 21 So. 565, 22 So. 189, 37 L. R. A. 771, 60 Am. St. Rep. 522, and the many cases following and approving it. May Bros. v. Doggett, 155 Miss. 849, 124 So. 476. As this appellee's claim was disputed by the appellant, the same result would be here reached under all of the authorities. That a creditor protests against receiving less than the full amount of his claim, but, nevertheless, accepts it, is of no consequence under all of the authorities including Darrill v. Dodds, Cooper v. Yazoo & M. V. R. Co., both supra, and Greener v. Cain, 137 Miss. 33, 101 So. 859. A few of the authorities seem to hold that this rule does not apply when the debtor prays no more than he admits to be due, but the holdings generally are to the contrary, authorities, supra, and that fact appears in many of the cases decided by this court.

But counsel for the appellee say that the appellant's letter to the appellee indicates that the appellant only intended the check to cover the disability payments due the appellee for the months of October to February, inclusive, and not in full payment of his claim; that at all events it was so worded as to justify the appellee in so believing. An offer of part payment of a creditor's claim in full satisfaction of the whole must be clear and un-

equivocal in order to bind the creditor by the acceptance thereof. 1 C. J. S., Accord and Satisfaction, Sec. 33, Paragraph B.; Cooper v. Yazoo & M. V. R. Co., supra. The check which the appellee accepted complies with this rule and the letter cannot be construed into modifying its terms. It simply states how the appellant arrived at the amount it tendered the appellee as being all that it was due him.

One question remains to be considered. The demurrer alleges that the check here under consideration was accompanied by a letter, which limited it to the disability payments due the appellee for the months of October to February, inclusive, a copy of which was filed with the demurrer. This letter does not appear in the appellant's plea, and, therefore, cannot be here considered. A demurrer challenges the sufficiency only of the allegations of the pleading demurred to, and it is not permissible to set forth therein facts not appearing in the challenged pleading. A demurrer so doing is designated as "a speaking demurrer" and should be overruled. 49 C. J. 420 and 423; Watson v. Sawyers, 54 Miss. 64; 21 R. C. L. 504; Shipman's Common Law Pleadings (2 Ed.), p. 260. This portion of the demurrer, therefore, is ineffective.

It follows from the foregoing views that the court below erred in sustaining the demurrer.

Reversed and remanded.