337 So.2d 694 (1976)
D.R. DIX
v.
TRIGGER CONTRACTORS, INC., a Mississippi Corporation.
No. 48785.
Supreme Court of Mississippi.
September 14, 1976.
Rehearing Denied October 12, 1976.
Louie M. Bishop, Waynesboro, for appellant.
Guy M. Walker, Laurel, for appellee.
Before GILLESPIE, C.J., and ROBERTSON and LEE, JJ.
ROBERTSON, Justice, for the Court:
On a bill for attachment in chancery, Trigger Contractors, Inc., a Mississippi corporation, recovered a judgment for $3,246.56 against D.R. Dix, a non-resident of Mississippi, in the Chancery Court of Wayne County.
Dix employed Trigger Contractors, Inc., on Johnny May's recommendation, to disassemble the equipment at one oil well and to reassemble and rebuild it at another drilling site. Trigger performed this work during May and June, 1974, and submitted to Dix a number of itemized invoices totalling $5,885.50.
B.P. Trigg, president of Trigger, asked Dix for a payment on account and Dix, on June 7, 1974, handed a $1500 check to Trigg. Trigg deposited this check to Trigger's account in the First State Bank, Waynesboro, Mississippi.
Trigg testified that later on he talked to either Mr. Bill Flannigan or Mr. Dix about paying him the balance due, and either Flannigan or Dix advised him that they wanted to go over the invoices with him. Over the next two or three weeks, Trigg called them several times and "they informed me they had sent my check to Mr. Johnny May's office."
Trigg further testified:
"Well, I went by Mr. Johnny May's office and I said, `Have I got a check here?' and he handed it to me. And I said `$1,500.00'. I said `That's not all they owe me'. Mr. May said he realized it was not all that they owed me, and they had `Final Payment' marked at the bottom of the check, and I said, `I can't accept that'. I said `I need my money', and Mr. May first stated, he said, `I don't believe I would cash the check'. I said, `Well, I need some money now. I'm running low', and there was a gentleman by the name of Mr. George Jett sitting there and Mr. May stated to me, he said, `Well, let Mr. Jett look at it. He's been in this business a long time', and he looked at the check and he said, `Well, I don't know. You might be able to state on the back of it *695 that it's accepted as part payment only and show your balance owing'."
This $1,500 check was drawn by D.R. Dix on Deposit Guaranty National Bank, Jackson, Mississippi, dated July 3, 1974, and made payable to Trigger Contractors, Inc. In the lower left corner was written in "Final Payment". Trigg lined out the word "Final" on the face of the check and wrote above "Final" the word "Part", making the notation read "Part Payment". Typed on the back of the check was: "excepted (sic) by Trigger Contractors Inc. as part payment only. Balance due on account $2,885.50". Trigg signed underneath: "B.P. Trigg, President".
Trigg negotiated this check with the First State Bank of Waynesboro, Mississippi, on July 8, 1974, and that bank stamped on the back of the check: "Pay any bank P.E.G. First State Bank Waynesboro, Miss."
Trigger then filed suit for $4,385.50 on July 12, 1974. The bill for attachment averred:
"That no part thereof has been paid except that shown as credits on the statement of account and being in the sum of $1,500.00 having been paid and leaving a balance due of $4,385.50, as of the date shown on itemized Statement attached hereto."
No mention was made in the bill of the $1,500 payment made by check, dated July 3, 1974.
On July 29, 1974, Trigger amended its bill for attachment by adding another invoice in the sum of $361.02, thereby making the total due $4,746.52. No mention was made in the amendment of the $1,500 check cashed by Trigg on July 8, 1974.
Appellant assigns as error:
"II. That the Chancery Court erred in ruling that the check given by the Appellant, Dix, on July 3, 1974, which was marked at the time it was executed and delivered with the words, `Final Payment', and which was altered by the Appellee by striking out the word, Final, and the word, Part, put in its place, was not a full accord and satisfaction."
Trigger contends that its claim was liquidated and undisputed and that its President Trigg had no idea that Dix was not satisfied with the amount of the bill.
Flannigan, an associate of Dix, testified:
"Q Now when you went through those checks [invoices] did you contact Mr. Trigg or what did you do?
A No, I didn't contact Mr. Trigg. Mr. Trigg contacted me.
Q When did he contact you?
A He contacted me about a week before he filed that, whatever it is that's filed against the lease out there.
Q All right, did you and Mr. Trigg have a discussion?
A We discussed it.
Q What was the substance of that discussion?
A The substance of that conversation was that I thought he had charged us three times what he should have charged us and that if Mr. Dix waited for me to okay the bill it wouldn't be paid, because it was outrageously high and unreasonable.
Q Did you tell Mr. Trigg that?
A I told Mr. Trigg that.
Q Who authorized the writing of the $1,500.00 check and when?
A We kind of get together on it. I discussed it with Johnny May and I discussed it with Mr. Dix...."
.....
Q All right, and then what did you do?
A Mr. Dix wrote him a check for $1,500.00 and I told him to put on there `Final Payment'."
The general rule is stated in 1 Am.Jur.2d Accord and Satisfaction § 22 (1962):
"It is well established that if a check bearing a notation indicating that it is offered in full payment or settlement of a disputed or unliquidated claim is delivered by the debtor to the creditor, and this is made clear to the creditor, the latter cannot avoid the dilemma of returning the check or keeping it in full satisfaction of the claim by simply erasing, *696 obliterating, or canceling the words which import such satisfaction. So when a creditor accepts a check inclosed in a letter stating that the check is in final settlement, and on the check is a printed receipt acknowledging receipt in full settlement as stated on a memorandum attached to the check, acts of the creditor in erasing the word `full' before the word `acceptance' and writing in the word `part' does not change the effect of his acceptance of the check as an accord and satisfaction." (Emphasis added).
While this is a case of first impression in Mississippi (where the check has been altered and the condition changed), there are Mississippi cases that treat of accord and satisfaction.
In Cooper v. Yazoo and Mississippi Valley Railroad, 82 Miss. 634, 35 So. 162 (1903), this Court said:
"`Where ... a sum of money is tendered in satisfaction of the claim, and the tender is accompanied by such acts and declarations as amount to a condition that, if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such condition, an acceptance of the money offered constitutes an accord and satisfaction. This is true, although the creditor protests at the time that the amount paid is not all that is due, or that he does not accept it in full satisfaction of his claim. Where the tender or offer is thus made the party to whom it is made has no alternative but to refuse it or accept it upon such condition. If he accepts it he accepts the condition also, notwithstanding any protest he may make to the contrary.' ... The debtor making tender of a certain sum in full satisfaction has the right to attach to his tender such lawful conditions as he pleases, and the creditor accepting under such circumstances must accept the tender as conditioned." 82 Miss. at 643-44, 35 So. at 163. (Emphasis added).
In May Bros. v. Doggett, 155 Miss. 849, 124 So. 476 (1929), this Court ruled:
"When the appellee received this statement and check, he knew that the disputed amount was not shown thereon or included in the check, and that the appellants were contending that the amount of this check covered all the balance due him on that date by reason of his logging operations. Under these circumstances, it was not permissible for the appellee to accept the check so tendered in full settlement, with the mental reservation that he would afterwards assert a claim for additional compensation; and, having done so, we think that under the doctrine of Greener & Sons v. Cain & Sons he is precluded from recovering for transactions antedating this settlement." 155 Miss. at 857-58, 124 So. at 478. (Emphasis added).
While we think that it is clear from the record that the claim was very muchly disputed, and that President Trigg knew this, still there is a Mississippi case holding that it makes no difference whether a claim is liquidated or disputed.
In Metropolitan Life Insurance Company v. Perrin, 184 Miss. 249, 183 So. 917 (1938), this Court said:
"The question then presented is whether the acceptance by a creditor from his debtor of less than what the debtor actually owes him in full settlement of the debt constitutes an accord and satisfaction. Under all of the authorities if `A owes B a debt which is unliquidated, or of which either the existence or amount is honestly and reasonably disputed, a payment of any amount by A is sufficient consideration for B's agreement to accept it in full satisfaction.' (Citing authorities).
.....
"This Court, however, goes further than the authorities generally and holds that it is immaterial whether the creditor's claim is liquidated or disputed. Clayton v. Clark, 74 Miss. 499, 21 So. 565, 22 So. 189, 37 L.R.A. 771, 60 Am.St.Rep. 522, and the many cases following and approving it. May Bros. v. Doggett, 155 Miss. 849, 124 So. 476. As this appellee's *697 claim was disputed by the appellant, the same result would be here reached under all of the authorities. That a creditor protests against receiving less than the full amount of his claim, but, nevertheless, accepts it, is of no consequence under all of the authorities including Darrill v. Dodds, 78 Miss. 912, 30 So. 4; Cooper v. Yazoo & M.V.R. Co., both supra, and Greener v. Cain, 137 Miss. 33, 101 So. 859." 184 Miss. at 258-59, 183 So. at 919-20. (Emphasis added).
The creditor, Trigger Contractors, Inc., was duty-bound to either accept the $1,500 check of July 3, 1974, as conditioned or refuse to accept it. Trigger had no right or authority to alter the check and change the condition on which it was tendered, that is, from "Final Payment" to "Part Payment".
The cashing of the $1,500 check, conditioned by the debtor as "Final Payment", constituted an accord and satisfaction. Therefore, the decree of the chancery court is reversed and judgment rendered here for appellant Dix.
REVERSED AND RENDERED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, SUGG, WALKER, BROOM and LEE, JJ., concur.