419 So.2d 1332 (1982)
SHERWIN-WILLIAMS COMPANY
v.
Jerry SARRETT and Sarrett Builders & Realty, Inc.
No. 53436.
Supreme Court of Mississippi.
September 29, 1982.
*1333 Young, Scanlon & Sessums, Robert Wells, E. Stephen Williams, Jackson, for appellant.
Taylor, Covington, Smith & Matrick, James E. Lambert, Jackson, for appellees.
Before WALKER, HAWKINS and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Hinds County, sitting as an appellate court, which reversed the judgment of the County Court of Hinds County, awarding Sherwin-Williams Company, plaintiff/appellant, damages in the amount of $2,373.14 in Cause No. 90-636, and $1,770.23 in Cause No. 90-637. The action stemmed from labor and materials supplied to Jerry Sarrett and Sarrett Builders & Realty, Inc., defendant/appellee, which were used in connection with the construction of Sarrett's personal residence (Cause No. 90-636) and the construction of a dwelling for sale (Cause No. 90-637). Sarrett tendered payment in an amount less than the amount owing to Sherwin-Williams, asserting he was entitled to a set-off for interest incurred due to Sherwin-Williams' delay in completing both houses. The county court found no merit in Sarrett's claim for a setoff or that the certification of Sarrett's check by Sherwin-Williams constituted an acceptance, discharging the remaining balance on each account by accord and satisfaction. The circuit court reversed, holding that Sarrett had met his burden of proof to establish that an accord and satisfaction had occurred. From that decree, Sherwin-Williams appeals. We affirm.
Appellee is in the homebuilding and real estate business. Sometime during 1979 and possibly the early portion of 1980, appellee contracted with appellant for labor and materials to be used in the construction of his personal dwelling and in the construction of a custom-built dwelling for sale. Appellee was subsequently billed by appellant in the amount of $5,338.95 on his personal dwelling and $3,294.60 on the dwelling built for sale.
On January 30, 1980, appellee tendered a check to appellant for payment of his account, as to his personal dwelling, in the amount of $2,965.81. The statement attached to said check listed a deduction for interest incurred and provided thereon that the amount tendered was "payment in full." Appellee deducted $2,373.14 from the amount of appellant's invoice for seventy-seven days of interest incurred on his construction loan due to appellant's alleged tardiness in correcting defects in the dwelling. This information was conveyed to Phil Womack, appellant's credit manager, on tender of the check. Womack took the check but told appellee he was not taking the check as payment in full. Appellant subsequently certified the check on April 21, 1980.
On April 14, 1980, appellee tendered another check to appellant, with itemized deductions for various amounts, including an amount for an overcharge, the cost of replacing shoemold, paint, and sixty days interest on the construction loan due to appellant's alleged failure to correct certain defects, causing a delay in the closing of the house loan. The statement on this check likewise provided the amount tendered constituted payment in full. This check was certified by appellant on April 14, 1980.
*1334 Appellant subsequently brought suit for the amounts billed to appellee on both projects. The two causes were consolidated for trial and tried without a jury by the County Court of Hinds County. The county court found there was no acceptance of appellee's checks, based on certification of the same, and therefore no accord and satisfaction. Judgment was entered for appellant. On appeal, the circuit court reversed holding that appellee met his burden of proving the affirmative defense of accord and satisfaction.
I. Did the circuit court err in finding that certification of appellee's checks was an acceptance thereof and sufficient to sustain the affirmative defense of accord and satisfaction?
Appellant first contends that since his claims were liquidated, additional consideration was necessary, outside the amount paid in satisfaction, to support the existence of an accord and satisfaction. Appellant's proposition has been decided adversely to appellant's claim in Metropolitan Life Ins. Co. v. Perrin, 184 Miss. 249, 183 So. 917 (1938), wherein this Court stated:
The question then presented is whether the acceptance by a creditor from his debtor of less than what the debtor actually owes him in full settlement of the debt constitutes an accord and satisfaction. Under all of the authorities if "A owes B a debt which is unliquidated, or of which either the existence or amount is honestly and reasonably disputed, a payment of any amount by A is sufficient consideration for B's agreement to accept it in full satisfaction." Rest. Contracts, Vol. 1, Sec. 76, Comment a. and Illustration 4 thereof, and Vol. 2, Sec. 420; Williston on Contracts, Rev.Ed., Vol. 1, Secs. 128 and 129, and Vol. 6, Sec. 854; 1 Am.Jur., Accord and Satisfaction, Sec. 60; 1 C.J.S., Accord and Satisfaction, Sec. 32. And such also is the rule of this court. Among its decisions so holding are: McCall v. Nave, 52 Miss. 494; Darrill v. Dodds, 78 Miss. 912, 30 So. 4; Cooper v. Yazoo & M.V.R. Co., 82 Miss. 634, 35 So. 162; Phillips v. St. Paul Fire & Marine Insurance Co., 156 Miss. 41, 125 So. 705.
This court, however, goes further than the authorities generally and holds that it is immaterial whether the creditor's claim is liquidated or disputed. Clayton v. Clark, 74 Miss. 499, 21 So. 565, 22 So. 189, 37 L.R.A. 771, 60 Am.St.Rep. 522, and the many cases following and approving it. May Bros. v. Doggett, 155 Miss. 849, 124 So. 476... .
(184 Miss. at 258-259, 183 So. at 919-920).
See also Dix v. Trigger Contractors, Inc., 337 So.2d 694 (Miss. 1976).
In the case sub judice, the trial court found the second condition had not been met  certification of the check being at best a conditional acceptance. On appeal, the circuit court reversed, holding appellant had accepted the checks in full payment by having them certified. The crux of the matter before this Court is whether appellant can, with full knowledge of the terms and conditions noted on the check, have the same certified, thereby depriving appellee of the amount tendered as payment in full, and not be bound by the terms and conditions noted on the check.
Four basic conditions must exist to constitute an accord and satisfaction. In Lovorn v. Iron Wood Products Corp., 362 So.2d 196 (Miss. 1978), this Court enumerated these conditions as follows:
AN ACCORD AND SATISFACTION: The four basic conditions of an accord and satisfaction are: (1) something of value offered in full satisfaction of demand; (2) accompanied by acts and declarations as amount to a condition that if the thing offered is accepted, it is accepted in satisfaction; (3) the party offered the thing of value is bound to understand that if he takes it, he takes subject to such conditions; and (4) the party actually does accept the item. Cooper & Rock v. Yazoo M.V.R.R., 82 Miss. 634, 35 So. 162 (1903).
(362 So.2d at 197)
1 C.J.S. Accord and Satisfaction section 34c (1936), provides in part:

*1335 Similarly, procuring the certification of a check tendered or delivered as full settlement of a claim or demand ordinarily operates as an acceptance of the payment, for, as has been pointed out, causing a check to be certified is practically the equivalent of collecting or cashing it, in that it places the amount of the check within the exclusive control of the creditor.
Furthermore, Mississippi Code Annotated section 75-3-411(1) (1981) of our Uniform Commercial Code provides:
(1) Certification of a check is acceptance. Where a holder procures certification the drawer and all prior indorsers are discharged.
In Kersh v. Manis Wholesale Co., 135 Ga. App. 943, 219 S.E.2d 604 (1975), the Georgia Court of Appeals held certification of an unendorsed check acceptance thereof in construing the above-mentioned statute and decisions of the Georgia Supreme Court prior to enactment of the statute.
Appellant relies upon Post Road Realty, Inc. v. Zee-Bar, Inc., 117 N.H. 136, 370 A.2d 282 (1977), wherein it was held that certification of a check by the payee did not constitute an acceptance under the above-mentioned statute. However, the New Hampshire Supreme Court also found in that case that had the payee cashed the check, an accord and satisfaction would not have occurred, contrary to our holding in Lovorn, supra.
Certification of a check is the equivalent of collecting or cashing the same. The amount of the certified check is placed within the exclusive control of the creditor. The debtor is deprived of the right to stop payment on the check and is likewise deprived of the money the same as if the check had been cashed.
We extend our holding in Lovorn to include that certification of the check by appellant under the facts and circumstances in the present case amounted to an acceptance thereof. The circuit court was therefore correct in finding appellee's debt was extinguished by accord and satisfaction.
Based on the foregoing, this cause must be and is hereby affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and PRATHER, JJ., concur.