## Newcomb *v.* Home Trust Co.

(In Banc.   Nov. 27, 1933.)

[151 So. 158.   No. 30801.]

**H. B. Everitt,** of Pascagoula, for appellant.

**Ford, White & Morse,** of Pascagoula, for appellee.

**Ethridge, J.**, delivered the opinion of the court.

Appellee brought this action against appellant as ad ministratrix of the estate of F. D. Newcomb in the court of a justice of the peace of Jackson county to recover the sum of one hundred twenty-six dollars and seventy-six cents, which appellee claimed represented the balance of principal, interest, and attorney's fee due on a certain promissory note that it held against said F. D. Newcomb. The trial resulted in a judgment in favor of the defendant; from that judgment the plaintiff appealed to the circuit court, where there was a trial by agreement before the circuit judge sitting as judge and jury, resulting in a judgment in appellee's favor for the amount sued for. From that judgment appellant prosecutes this appeal.

Appellant's defense to the note was accord and satisfaction. The note was for four hundred dollars. Appellant claimed that the intestate paid appellee two hundred ninety-seven dollars in full satisfaction of the note, which appellee accepted as such. Appellee is a finance corporation under the laws of the state of Tennessee, with its home office at Nashville, in that state. The Taylor Roofing Company is also a Tennessee corporation with its home office in Nashville. It had an office, however, at Meridian, in this state. The Meridian office was in charge of S. H. Brown, state manager. The agreed facts, leaving off the formal parts, date, and signature, follow:

"F. D. Newcomb, on May 1, 1931, purchased a lot of roofing materials from a corporation known as the Taylor Roofing Company, and on said date executed a promissory note payable to Taylor Roofing Company in the sum of four hundred dollars due sixty days from date, which provided for the payment of interest at the rate of six per cent per annum from maturity and for reasonable attorney's fees.

"On May 16, 1931, the Taylor Roofing Company endorsed and sold this note to the Home Trust Company of Nashville, Tennessee, for value, the Home Trust Company not being advised of any infirmities in the note or defense thereto of the maker.

"F. D. Newcomb, after receipt of the material, became dissatisfied with both the quality of same and with the contract price therefor and insisted that the Taylor Roofing Company make a reduction in the contract price of these materials, his correspondence on this matter being had with the Taylor Roofing Company direct. This company refused to make any concessions, and on July 10, 1931, F. D. Newcomb sent to the Taylor Roofing Company a check payable to their order in the sum of two hundred ninety-seven dollars on which there was marked 'Payment in full for roof on house No. 28, N. Porter avenue.' This check was forwarded by the Taylor Roofing Com-

pany to the Home Trust Company, plaintiff in this cause, who declined to accept the same and wrote to F. D. Newcomb to that effect. The Home Trust Company returned the check to the Meridian office of the Taylor Roofing Company, which company after some correspondence with Newcomb, cashed the check and forwarded the proceeds thereof to the Home Trust Company.

"The Taylor Roofing Company and the Home Trust Company are separate corporations, some of the directors and officers of both corporations, however, being the same, but not all of the officers of both corporations being identical.

"It is further agreed that since the trial of this cause in the justice court, F. D. Newcomb has died intestate, and that letters of administration have been issued by the chancery court of Jackson county, Mississippi, to Miss Clista Newcomb, on whom process has been served in accordance with section 1714 of the Code of 1930.

"It is further agreed that on the trial and hearing the depositions taken by the plaintiff, with exhibits and letters that are in the record, as well as the check for two hundred ninety-seven dollars may be used in evidence in aid of, and in addition to, the foregoing statement of facts, subject, however, to objections of either party as to competency of same."

Anderson, president of the Home Trust Company, testified that, when his company received the check, as originally sent, it was tendered in full payment of the note, and the Home Trust Company declined to accept the check and returned it to the Taylor Roofing Company at Meridian.

The proof shows that the Taylor Roofing Company took up, by correspondence, with Newcomb the proposition of having the check applied as a partial payment of the note, to which Newcomb did not consent; that thereupon the Taylor Roofing Company again took this matter up with Newcomb, stating to him that, if he did not inform them to the contrary, on September 5th, they.

would cash the check and apply it as a partial payment on the note. Ample time was given Newcomb between the receipt of this letter and September 5th to notify the Taylor Roofing Company that he did not consent. On September 5th the check was cashed by· the Taylor Roofing Company, and the proceeds thereof were sent to the Home Trust Company, at Nashville. The president of that company testified that he did not know, at the time of this remittance, that it represented the proceeds of said check. The Taylor Roofing Company was the indorser of the note; was secondarily liable to the Home Trust Company at the time this remittance was received; and was under duty to pay the same. The Home Trust Company, having received no notice that the check had been collected, accepted the remittance sent it by the Taylor Roofing Company and credited it on the note. This was a bona fide transaction.

It is urged here that this was an accord and satisfaction, because, after the Taylor Roofing Company had cashed the check and remitted the proceeds to the Home Trust Company, that company obtained knowledge that the Taylor Roofing Company had cashed the check, and that the remittance constituted the proceeds thereof.

There was no agency on the part of the Taylor Roofing Company for the Home Trust Company, and we think, from the facts, that there was no agency in the case at all. Newcomb was attempting to settle his debt to the Home Trust Company, which he knew he owed, with the original payee who had sold and indorsed his note. It was his duty to pay this note to the Home Trust Company, and he had no authority to pay it to the Taylor Roofing Company, the original payee. He permitted the Taylor Roofing Company to collect the check by making it payable to them, when he knew they were not the owners of the note.

As between the Home Trust Company and F. D. Newcomb, the latter had no defense to the note. It was within his power to prevent the wrong that was done by the

Taylor Roofing Company. The Home Trust Company was not responsible for the roofing company's act in cashing the check, nor was there any relation of principal and agent between it and the Home Trust Company by which the Home Trust Company could be held to have ratified the act of the Taylor Roofing Company.

If, by any chance, the Taylor Roofing Company was anybody's agent, it was the agent of Newcomb and not the agent of the Home Trust Company. The Taylor Roofing Company, being the indorser of the note to the Home Trust Company, and secondarily liable, was not competent to act as agent.

The case at bar does not come within the principle laid down in the following cases: Yazoo & M. V. R. Co. v. Sideboard, 161 Miss. 4, 133 So. 669; Phillips v. Fire & Marine Ins. Co., 156 Miss. 41, 125 So. 705; May Bros. v. Doggett, 155 Miss. 849, 124 So. 476; Greener & Sons v. P. W. Cain & Sons, 137 Miss. 33, 101 So. 859; Cooper v. R. Co., 82 Miss. 634, 35 So. 162; and Darrill v. Dodds, 78 Miss. 912, 30 So. 4.

It is too clear for doubt, it seems to us, that there could be no implied contract on the part of the Home Trust Company of accord and satisfaction, nor do we think it material that some of the officers of the Home Trust Company were also officers of the Taylor Roofing Company. They were separate corporations, constituting separate legal persons, and were dealing adversely with each other. It is well settled in this state that the mere fact that two corporations have some officers in common does not make notice to the officers of one notice to the other company. Alder v. Interstate Trust & Banking Company (Miss.), 146 So. 107.

The circuit judge so held, and his judgment is affirmed.

Affirmed.