LEE *et al. v.* BOYD *et ux.*

(In Banc.   Dec. 20, 1943.)

[16 So. (2d) 30.   No. 35477.]

**Conner & Nobles,** of Jackson, for appellants.

Hall & Hall, of Columbia, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellees, Boyd and wife, owned three hundred and forty acres of land in Walthall County. In March, 1936, "in consideration of $10 and other good and valuable considerations, cash in hand paid, by Homer P. Lee, Jr.," they conveyed to Lee by deed 15/16ths interest in and to all oil, gas and other minerals in said land. In March, 1937, Lee conveyed all of his said interest in the land to appellant, George H. Coates, for a consideration of approximately $1 per acre. The bill in this case by the Boyds charges that the conveyance to Lee was procured by false and fraudulent representations, of which Coates was affected with notice when he purchased. On these grounds, it is sought to have both conveyances cancelled and set aside.

The cause was heard on bill, answers and proofs, resulting in the decree prayed for. Lee and Coates both appealed. Perhaps the evidence was sufficient to sustain the charge that the conveyance from the Boyds to Lee was procured by the fraud of the latter. That of course was a question of fact. We are not sufficiently convinced that the finding of the chancellor was wrong, and therefore yield to his judgment. To set out the evidence on this issue would be of no benefit to the bench and bar. We therefore refrain from doing so.

The evidence was insufficient to affect Coates with such fraud at the time he purchased from Lee. The bill does not charge that Coates either participated in the fraud or had notice of it at the time of his purchase, and the evidence shows without substantial conflict to the contrary. "The relief of cancellation will not be granted against a bona fide purchaser for value and without notice for the fraud or other ground for cancellation. This rule applies irrespective of the grounds on which the rescission or cancellation is sought. From a purchaser for value without notice, a court of equity takes nothing away which the purchaser has honestly acquired." 9

C. J. 1222, Sec. 123; 12 C. J. S. Cancellation of Instruments, Sec. 45. Pomeroy's Equity Jurisprudence, Sec. 777; Hafter v. Strange, 65 Miss. 323, 3 So. 190, 7 Am. St. Rep. 659.

It is argued that the consideration passing between Lee and the Boyds ($10 and other valuable considerations) was so grossly inadequate as to suggest to Coates that he should look into the matter before purchasing. In other words, that he was affected thereby with constructive notice of the fraud perpetrated by Lee. There is no evidence whatever that the consideration between the Boyds and Lee was grossly inadequate. The only evidence as to value is what Lee paid for the mineral lease and what Coates paid Lee for 15/16ths interest in the minerals. The result is the decree is affirmed as to Lee, who has nothing to lose in this litigation except perhaps the costs, and reversed and decree here for Coates.

Affirmed as to Lee, but reversed and bill dismissed as to Coates.