L. & M. LAND & MINERAL CORPORATION *v.* KIMBLE *et al.*

(In Banc. Feb. 26, 1945.)

[21 So. (2d) 18. No. 35795.]

R. Pearce Phillips, of Brookhaven, for appellant.

654

Jas. **F. Noble,** of Brookhaven, for appellees.

**Alexander, J.**, delivered the opinion of the court.

Appellees are the owners of certain lands in Lincoln County described as follows: The N.W.¼ of S.E.¼ and the N.½ of the S.W.¼ of Section 13, and 5 acres on the east side of Brookhaven and Gallatin Road in the northeast corner of the N.E.¼ of the S.E.¼ of Section 14; all in Township 8 North, Range 6 East.

Bill was filed by appellees to cancel a certain mineral lease and a mineral deed executed by them to the Russell Investment Corporation on May 3, 1937. Relief is sought to be grounded upon the alleged fraud of one Garraway,

an agent of the corporation. Such fraud is predicated upon the agent's alleged representation that failure of the lessee to pay yearly rentals under the lease would vitiate both the lease and the mineral deed, simultaneously executed.

The lease was assigned to one Willett, and it is agreed that it is subject to forfeiture for nonpayment of yearly rentals. The deed to a one-half interest in the minerals was assigned for valuable consideration to appellant. The suit being against a subsequent grantee or assignee, the issue is narrowed to the inquiry whether the appellant was a bona fide purchaser. Lee v. Boyd, 195 Miss. 794, 16 So. (2d) 30.

Assuming but not deciding that the alleged representations of the agent Garraway, as to the legal effect of the lease provisions upon the deed, were clearly and unequivocally shown and that they would constitute a vitiating fraud, and further assuming, without decision, that knowledge of such was imputed to the Russell Investment Corporation, there remains the contention that this knowledge so imputed to the original grantee would be further imputed to the assignee because of the circumstance that the secretary of the original grantee, Julius Russell, held a like position with the asssignee. There was no evidence that Mr. Russell had any actual knowledge of the transaction between its agent and appellees. He denied it positively.

Appellant is a distinct corporate entity from the Russell Investment Corporation. The L. & M. Land & Mineral Corporation had thirty-five stockholders and the Russell Company only three. Although both corporations used a common office, Mr. Russell and his brother were the only stockholders common to both. We find no warrant for impairing the status of appellant as a bona fide purchaser of the mineral deed. The mere incident that Mr. Russell was an officer and stockholder of both corporations is no basis for employing a fiction which, after having been invoked to charge Russell with knowl-

edge of his agent's representations, would retain sufficient vigor to extend the imputed notice to a second principal of which Russell himself was an agent. Newcomb v. Home Trust Company, 169 Miss. 883, 151 So. 158; 13 Am. Jur., Corporations, sec. 1115; 19 C. J. S., Corporations, sec. 1085.

There are no other circumstances from which the requisite quality of proof could be inferred, and appellant's status as a bona fide purchaser makes it unnecessary to weigh the testimony as to whether the representations of the agent, if made, would constitute fraud. Lee v. Boyd, supra.

The decree of the chancellor insofar as it cancels the mineral deed to appellant is therefore reversed and decree entered here for appellant.

Reversed and decree for appellant.