## Metropolitan Life Ins. Co. *v.* Perrin.

(Division B.   Nov. 13, 1939.)

[192 So. 12.   No. 33876.]

**Wells, Wells & Lipscomb**, of Jackson, for appellant.

**Graham & Graham,** of Meridian, for appellees.

**McGehee, J.**, delivered the opinion of the court.

This is the second appearance of this case before the Court. On the former appeal, the decision whereof is reported in 183 So. 917, and not yet reported in state reports, the sole question presented was whether the circuit court had erred in sustaining a demurrer to the appellant's special plea of accord and satisfaction. The declaration filed by the appellee in the court below against the appellant insurance company on two insurance policies issued by it to him in November, 1923, whereby the company agreed to pay the appellee the sum of $50 per month on each of the policies in the event he should become totally disabled, and alleged that he became totally disabled on the first day of May, 1933, and that the appellant insurance company had failed and refused to pay the $100 a month due him for the months of May to September, 1933, and prayed for a judgment therefor. The appellant filed the special plea of accord and satisfaction which is copied in full in the former opinion, and reference to which is here made for a complete statement of the facts upon which the plea was then predicated, including a letter written by appellant, and filed as Exhibit ''C'' to the plea, and which is set forth in full by the reporter, immediately preceding the opinion of the Court in the case.

On the former appeal it was held, in effect, that the plea of accord and satisfaction, as accompanied by the exhibits thereto, to-wit: (a) the paid check for $500 attached as Exhibit ''A'' copied in full in the opinion, and on the back of which the appellee's signature appeared immediately following the words ''Received payment in full as detailed on reverse side . . .;'' (b) the telegram sent by the appellee on January 29, 1934, copied in the plea and made Exhibit ''B'' thereto; and (c) the letter hereinbefore mentioned as Exhibit ''C'' thereto, stated a good defense; and that the appellee's demurrer thereto should have been overruled. The cause was therefore reversed and remanded.

In also appears from the former opinion that the appellee contended on that appeal that there was an additional writing which accompanied the check and limited the settlement to the disability payments due him for the months of October 1933 to February 1934, inclusive, and which writing was filed with the demurrer to the plea of accord and satisfaction. The court then held, of course, that the writing attached to the demurrer could not be considered, since it was no part of the plea demurred to.

Upon remand, the appellee filed a replication to the plea in question, and he attached thereto the said additional writing in the form of a memorandum, as follows:

"Metropolitan Life Insurance Company
"Frederick H. Ecker, President
"New York, N. Y.

"(Notation in writing               Form 01063
"1st check 1/29/34 G.G.)         June 1932
"Disability Claim Division     Printed in U.S.A.
"Permanent Disability Section

| Policy No. Number | Disability Income Number | Due Date | Name & Address of Payee | Amt. of Check |
|---|---|---|---|---|
| 3792286 A | 1923 | 12226 10-1-33 | ROBERT O PERRIN | |
| 4805059 A | 1927 | 12227 TO & INC 2-1-34 | BASIC MISSISSIPPI | 500 00 |

"Enclosed please find check for Monthly Income due as stated above, payable under the Total and Permanent Disability Provision. This payment is allowable, provided Total Disability still exists.
"(Signed)    E. J. Spellman,
"Supervisor,
"Permanent Disability Section"

The replication admitted the receipt by the appellee of the $500 check on January 29, 1934, and also that it was cashed by him on February 1, 1934, the date upon which it was made payable, but it denies that the check was either tendered or received in full of all total disability benefits, except for the period from October 1, 1933, to and including February 1, 1934, as stipulated on the memorandum hereinbefore quoted. The replication then alleges that the appellee was totally disabled from and after May 1, 1933, up to February 1, 1934, and of which contention the appellant insurance company had been fully advised by the written report of a local physician

at the time of the sending of the check; that, when the appellee received the said check on January 29, 1934, it was enclosed in an envelope and there was attached thereto the said memorandum, specially prepared by the insurance company, but the appellee also alleged that he did not observe the conditions of the said memorandum until after he had sent the telegram which is set forth in the appellant's special plea, and that upon an examination of the same, he found that the appellant had specially designated the months which said check was tendered in full settlement of, and that thinking and believing the said check was limited by the memorandum to the period from October 1, 1933, to February 1, 1934, inclusive, as stated thereon, he determined that he had no right to refuse the check in full settlement for the period designated; and that with said purpose, intention and understanding, and without any further information from the appellant, he cashed the check on its due date as aforesaid.

There was a demurrer to the replication, followed by a rejoinder, surrejoinder and demurrer thereto. These demurrers having been overruled, the case proceeded to final judgment upon the merits.

The proof sustained the averments of the replication and also disclosed that the letter of January 29, 1934, which was filed as Exhibit "C" to the plea of accord and satisfaction, and which is copied in full by the reporter on the former appeal as aforesaid, was not actually received by the appellee until after he had cashed the check in question. Moreover, the appellee further testified in support of his replication that when he received the check through the mail on January 29, 1934, he "tore the end of the envelope open and pulled just enough out to see the amount." He further testified "I was looking for a thousand dollars, and I laid the letter down and walked to the telephone and wired them," meaning thereby that he thereupon sent the telegram which is copied in the plea of according and satisfaction as afore-

said. That after later examining the memorandum, which was bradded to the check, hereinbefore quoted, he decided that it was intended to cover the period only that was mentioned thereon, and cashed it on February 1st, without having received a reply to his telegram, as requested therein.

It may be here noted that the appellant withdrew its general issue plea in the court below prior to the first appeal, and has continued thereafter to rely solely upon the defense of accord and satisfaction. The appellee proved by his testimony, and that of the local physician, upon the trial, after the cause was remanded, that he was continually confined to his bed with tuberculosis from May 1, 1933, to February 1, 1934, and for some time thereafter, and that from May 1, 1933, to October 1, 1933, he was only able to give instructions from his bedside for the conduct of his business by a manager. The physician's report to the insurance company prior to the mailing of the check in question, disclosed that the appellee was totally disabled from and after May 1, 1933, with an active case of tuberculosis in an advanced stage, and the record here wholly fails to show that the appellee had any information in advance of cashing the check that the insurance company was disputing his claim for the period now sued for. The $500 payment for the period from October 1, 1933, to February 1, 1934, was admittedly due for that period alone. The appellant offered no testimony in defense of the claim on the issue of whether or not the appellee was in fact totally disabled during the period sued for.

An examination of the check, the notation on the reverse side thereof and the memorandum attached thereto, in the absence of the letter from the appellant to the appellee of January 29, 1934, which was not received until after the check was cashed as aforesaid, makes it obvious that what was said by the Court in the former opinion in regard to the check and the appellant's letter to appellee constituting a clear and unequivocal offer of full

accord and satisfaction cannot now be invoked as decisive of the question involved under the present state of the record, since it now appears that the letter had not been received when the check was cashed, and the former opinion discloses that the memorandum was not properly before the Court on the former appeal, and was not therefore considered by the Court as a part of the plea of accord and satisfaction.

The former opinion, however, does announce the rule applicable here wherein it stated: ''An offer of part payment of a creditor's claim in full satisfaction of the whole must be clear and unequivocal in order to bind the creditor by the acceptance thereof. 1 C. J. S., Accord and Satisfaction, page 522, sec. 33, paragraph B; Cooper v. Yazoo & M. V. R. Co., 82 Miss. 634, 35 So. 162. See also, 1 C. J. S., Accord and Satisfaction, page 469, sec. 3; 1 C. J. S., Accord and Satisfaction, page 522, sec. 33; and Wunderlich v. State Highway Commission, 183 Miss. 428, 184 So. 456, cited in Browne v. Merchants Company (Miss.), 191 So. 58. In the Wunderlich case [183 Miss. 428, 184 So. 456], the rule was announced as follows: ''The authorities seem agreed everywhere that, when a remittance is sent or delivered in full of an annexed or enclosed itemized statement of account, or in full of enclosed or annexed invoices, or in full of any particularly itemized or otherwise particularly designated claim or demand, the accord and satisfaction extends only to the particular or particularized account, statement, invoice or demand so pointed to or designated and not to any other item, or claim or liability, although growing out of the same matter or transaction. Many cases to this effect are cited, 1 C. J. S. Accord and Satisfaction, pages 533, 534, sec. 34; and the rule, in substance, is suported in Enochs v. Delta Cotton Oil Co., 139 Miss. 234, 104 So. 92. The effect of an accord and satisfaction cannot be extended by mere inference, as is sought to be done here; wherefore the said plea should have been denied.''

When the rule announced in the foregoing authorities is applied to the facts of the case at bar hereinbefore mentioned the plea of accord and satisfaction cannot be sustained. Moreover, this record seems to disclose that the insurance company itself did not rely upon the cashing of the check as constituting an accord and satisfaction covering the period from May 1, 1933, to October 1, 1933, for the reason that as late as December 13, 1937, the appellant made a further investigation as to whether the total permanent disability contemplated by the policies existed during said period, and then adhered to its contention that the disability did not become effective until October 1, 1933, making no mention of its reliance upon an accord and satisfaction.

Finally, it is urged that the appellee is bound by the $500 payment for the reason that he failed to offer to return the money to the appellant. But, we are of the opinion that this contention cannot be sustained, for the reason that the money for the period stipulated in the memorandum was admittedly due, and the contracts were divisible in that a cause of action accrued upon the nonpayment of any monthly installment when due.

The judgment of the court below in favor of the appellee must therefore be affirmed.

Affirmed.