ROBERTS *v.* FINGER

No. 40079          April 9, 1956          86 So. 2d 463

672

*James Stone & Sons,* Oxford, for appellant.

674

*Smith* & *Hurdle,* Holly Springs, for appellee.

GILLESPIE, J.

Appellant was plaintiff below and sued appellee for additional premiums on two insurance policies sold to appellee by appellant, who was engaged in the insurance business. One policy was a comprehensive general automobile liability policy, and the other was a standard workmen's compensation and employer's liability policy. Both policies provided for an estimated advance pre-

mium, and provided a method of determining the earned premium upon termination of the policy. One of the policies provided:

"The premium stated in the declarations is an estimated premium only. Upon termination of this policy, the earned premium shall be computed in accordance with the company's rules, rates, rating plans, premiums and minimum premiums applicable to this insurance. If the earned premium thus computed exceeds the estimated advance premium paid the named insured shall pay the excess to the Company; if less, the Company shall return to the named insured the unearned portion paid by such insured."

The other policy provided for a similar method of computing earned premiums. Under both policies, the premium could not be determined until termination of the policy and an audit made as provided by the policy within a certain time—one year under one policy and three years under the other. Only after the audit could it be determined whether the estimated premium exceeded the earned premium or whether the earned premium exceeded the estimated premium, and, therefore, whether the appellant owed the insured or the insured owed the appellant. The policies were written on August 23, 1951, for a one-year period. Because of the sale by appellee of his business operations, the policies were cancelled on July 24, 1952, which was about a month before they would have expired, and on the same day, appellee sent appellant a check for $361.09, which was the amount of the balance owed appellant by appellee on the estimated premiums on the two policies, and certain other insurance policies not here involved. This check had written thereon on the left margin the following:

"By endorsement this check is accepted in full payment of the following account. Date 7/24 Acct. in full. Total of Invoices . Less Discount . Total deductions . Amount of check $361.09. If incorrect

please return. No receipt necessary.'' This writing was in print and was a form commonly seen on the left side of printed checks. The underscored words and figures were written in pen and ink. This check was endorsed by appellant and paid by the bank on August 4, 1952.

Thereafter the auditor for the insurance company made the audits as provided in the policies, in the course of which the actual payrolls, on which the final earned premium was figured, were furnished by an employee of appellee and the audit was completed on August 14, 1952, and showed that the final earned premium on the two policies amounted to $659.17 in excess of the estimated premiums theretofore paid by appellee. This amount was paid by appellant to the insurance company and appellee was billed therefor. Upon refusal of appellee to pay this amount, appellant brought this suit and appellee pleaded accord and satisfaction based on the acceptance by appellant of the aforementioned check.

The case was tried by the judge without a jury, and a motion to exclude the evidence was sustained and judgment entered for appellee.

■■ ■ The question is whether the acceptance of the check was an accord and satisfaction of the entire earned premium on the two policies of insurance. Ordinarily the acceptance of a check which states that it is in full of a demand is an accord and satisfaction of the whole demand. Yazoo & M.V.R. Co. v. Sideboard, 161 Miss. 4, 133 So. 669. ■■■ It is not permissible for one to accept a check tendered in full settlement with the mental reservation that he would afterwards assert a claim for additional compensation. May Bros. v. Doggett, 155 Miss. 849, 124 So. 476. The rule obtains whether or not the claim is liquidated. May Bros. v. Doggett, supra. Cf. Clayton v. Clark, 74 Miss. 499, 21 So. 565; Rucker v. King Construction Co., 159 Miss. 387, 131 So. 872.

■■■ One of the essential elements of an accord and satisfaction is an agreement, or a meeting of the minds

of the parties. This agreement must have all the essentials of a contract and may be express, or implied from the circumstances. ■■■ Accord, or the agreement, precedes satisfaction, which is the execution of the agreement, resulting in accord and satisfaction. ■■■ Essential to accord is the identity of the claim, or claims, account, or accounts, to be satisfied by acceptance of the accord. ■■■ An accord and satisfaction is not accomplished by the tender and acceptance of a check with the words ''account in full'' thereon, unless the circumstances are such that the payee knows or should know, what account is intended to be satisfied; ■■■ and where the parties are so circumstanced, or the state of affairs between them is such, that the payee reasonably understands that a particular account is intended to be satisfied, there is no accord and satisfaction of another and different account or claim. ■■■ Whether the payee knew, or should have known, what claim or account was intended to be satisfied is to be determined from all of the surrounding circumstances attending the parties and the transactions involved. Cf. Wunderlich v. State Highway Commission, 183 Miss. 428, 184 So. 456, and Williams v. Mid South Paving Company, et al, 200 Miss. 103, 25 So. 2d 792.

The amount of the check was the amount owing by appellee on the books of appellant, being a balance from several other insurance policies and the estimated premiums on the two policies here involved. The final determination of the total earned premium could not have been known to either party when the check was written and it was not then known which party owed the other, or the amount. There is no contention that there was to be a mutual accord and satisfaction, and it would not be reasonable to infer that appellee was intended to be released from all liability as to the results of the audits, and still allow appellee to make claim against appellant

if the audit revealed the earned premium was less than the estimated premium.

We think there is no proof, directly or by reasonable inference, that there was an agreement that the check was tendered in satisfaction of the final earned premiums under the two policies of insurance.

Appellee contends that the motion to exclude was proper for the reason that there was no written reply by appellant to the plea of accord and satisfaction, and, therefore, no evidence should have been admitted in avoidance or defense of the plea of accord and satisfaction. The parties stipulated in open court that appellant could deny in short the allegations of the answer of appellee. We neither approve nor disapprove of this method of pleading, but the parties stipulated to that effect and neither should now be heard to complain.

Appellee also contends that appellant failed to make out a case in that the proof of the audit was not sufficient to prove the claim and that the proof failed because the company's manual of rules, rates, and rating plans was not introduced; but a careful review of the pleadings reveals that while the answer and counter affidavit of the appellee denied liability for the items revealed by the audit, he did not challenge the correctness of the audit, nor the rates and figures used in computing the premium. The suit was on a sworn account. If the correctness of the items is to be challenged by the defendant, he must particularize wherein they are not correct. Section 1754, Mississippi Code of 1942.

It was error to exclude the evidence and enter judgment for the appellee. Accordingly, the case is reversed and remanded.

Reversed and remanded.

*McGehee, C.J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.