### SIMMONS *v.* LANGSTON

No. 41820          April 17, 1961          128 So. 2d 749

*Vernon H. Broom,* Columbia, for appellant.

*Henry E. Pope,* Columbia, for appellee.

ETHRIDGE, J.

The only question here is whether defendants testimony was sufficient to make a jury issue of accord and satisfaction.

Simmons brought this suit in the Circuit Court of Marion County, for the balance due and owing him by appellee Langston. Simmons operated the Simmons Motor Company in Columbia. On January 23, 1958, he sold Langston a new automobile. After the down payment, there was a balance due of $2,160, to be paid in thirty monthly installments of $72 each. The car caught on fire in April 1959, and was burned. A garageman pulled it into his shop, but made no repairs. In the same month Langston was one to five payments delinquent, and Simmons repossessed it. At that time there was a balance of $1,498 due under the conditional sale contract. Simmons had the car repaired, sold it at an auction for $575, and gave Langston credit for that amount. Defendant still owed the balance of $923, unless there was an accord and satisfaction, as Langston claims.

Defendants claim of an accord and satisfaction is based solely upon his testimony. He said that Simmons telephoned him and this transpired: "He called me at the shop and said, "Ray, I need some money out of that car. I have a chance to get my money out of it and I want the car' and he said, 'I'm going after the car' and I said, 'If that is what you want and that satisfies you it is OK with me' and I hung up. That is all that was said." There was no written agreement. Langston later described again what occurred. Simmons called him and

said he wanted to get the car. "He told me, 'I need some money out of that car. I'm going and get it, I have a sale for it' and I said, 'If that satisfies you go ahead and get it' and that was the conversation.

"You thought the thing was all over with, did you?

"I did."

Simmons denied any such conversation with Langston before repossessing the automobile.

■■ The trial court submitted to the jury the issue of whether this constituted an accord and satisfaction. The jury must have rejected appellee's contention, since it returned a verdict for plaintiff for $122 plus 15 percent attorney's fee. Thereafter plaintiff filed a motion for a new trial, or a corrected judgment of the total amount sued for, which the court overruled. It should have sustained this motion, and rendered judgment for appellant for the requested amount. It is undisputed that Langston owed the entire sum, unless there was an accord and satisfaction. Hence appellant is entitled to a judgment here for the full amount, for two reasons: (1) the jury necessarily rejected defendant's claim of an accord and satisfaction, since it rendered a verdict in a lesser amount for plaintiff; and (2) the evidence was wholly insufficient to establish an accord and satisfaction.

■■ The burden of proving an accord and satisfaction is upon the one who maintains the affirmative of that issue. It is said the evidence must be "clear and unequivocal" in order to support such a finding. Metropolitan Life Ins. Co. v. Perrin, 184 Miss. 249, 259-260, 183 So. 917 (1938); Metropolitan Life Ins. Co. v. Perrin, 187 Miss. 37, 44, 192 So. 12 (1939); 1 Am. Jur., Accord and Satisfaction, Sec. 77; 1 C. J. S., Accord and Satisfaction, Secs. 48, 33. ■■ Moreover, the fact that delivery of encumbered property to the creditor is made in discharge of the old debt must be made known to the creditor in some unmistakable manner. 1 C. J. S., *ibid.,*

Sec. 33; 1 Am. Jur., *ibid.*, Sec. 69; see also *ibid.*, Sec. 51.

Assuming the truthfulness of Langston's testimony about his telephone conversation with Simmons, it does not show an accord and satisfaction, under which the creditor was or should have been aware that he was repossessing the car in full satisfaction of defendant's debt. Plaintiff simply advised him that he was going to repossess the car. That was a right plaintiff had anyway under the contract. In response, defendant stated that, if that satisfies you, it is all right with him. Certainly this conversation does not indicate the parties agreed that repossession would satisfy Langston's entire debt to plaintiff. See 6 Corbin, Contracts (1951), Sec. 1280; 6 Williston, Contracts (1938), Secs. 1838, 1855, 1856.

Hence the judgment of the circuit court is reversed, and judgment is rendered here for appellant in the sum of $923, together with an attorney's fee of 15 percent thereof.

Reversed and judgment here for appellant.

*McGehee, C. J.,* and *Kyle, Gillespie* and *Jones, JJ.,* concur.