ETHRIDGE, Chief Justice.
This is a suit on a sworn open account, brought in the Circuit Court of Wayne County by Swift & Company (called Swift) appellant, against G. W. Kelley, appellee-defendant. Kelley pleaded payment of the account, and filed a counterclaim for overpayment. The case was submitted to a jury, which rendered a verdict for the defendant and counterclaimant of $75.30. We reverse and render judgment here for appellant.
Swift filed its declaration with an attached, itemized sworn account reflecting that Kelley owed Swift $3,364.95. These items involved purchases of fertilizer by Kelley in April, May and June 1964, with certain small credits thereon. Kelley’s answer averred that he had paid the entire debt by four attached cashier’s checks, and had actually paid Swift $3,440.45, thus overpaying the account in the amount of $75.30. His counterclaim sought judgment for the latter amount.
However, on the hearing a representative of Swift (an accountant) testified without dispute that the sworn account was due and unpaid, and that the four checks claimed to be payment had been applied to other items of his indebtedness, and had not been applied to anything on the itemized account which was due and owing. Plaintiffs then introduced as Exhibit 2 an itemization of the entire account of Kelley, from the beginning of his dealings with Swift in 1963 through 1965. This itemization showed that Kelley had been given credit for the four checks, and that the remaining debt, sued for in this action, was the balance owing after he had been given credit for the four checks.
Kelley did not effectively deny the other items set forth in plaintiff’s Exhibit 2, covering the entire dealings between the parties. He did not have any books. He stated that his wife, now deceased, had kept what books they had; and that all he had was her word and the checks which she had written. In effect, he did not know anything about the account, and did not remember anything about it. He simply asserted as a general conclusion that he had paid it all and owed nothing.
Mississippi Code 1942 Annotated section 1574 (1956) requires the defendant to make an affidavit and file it with his plea that the account is not correct, “particularizing wherein it is not correct * * * ” Since Kelley failed to comply with the statute, he cannot now challenge the correctness of particular items set forth in plaintiff’s sworn account. Roberts v. Finger, 227 Miss. 671, 86 So.2d 463 (1956). Hence he was limited to a denial of liability, by a plea of payment, which is.an affirmative defense. Sanders and Alexander, Inc. v. Jones, 221 Miss. 143, 72 So.2d 240 (1954); Hannan Motor Co. v. Darr, 212 Miss. 870, 56 So.2d 64 (1952).
Where a debt to pay has been established, the burden of proving payment is on the party who alleges it. However, where the debtor has introduced some evidence of payment, the burden of going forward with the evidence, as distinct from the general burden of proof, shifts to the creditor who is then under the duty of producing some evidence to show nonpayment. 70 C.J.S. Payment §§ 57, 93 (1951). Swift fully met the burden of going forward by the undisputed testimony of its accountant in the itemization of all of its dealings with Kelley.
Moreover, Kelley did not direct any specific appropriation of his four checks. If the debtor makes none, the creditor may apply the payment to any of the debts owed it by the debtor. Id., § 57. This rule applies also as to a running account. Id., § 59.
Kelley contends that he was required by Swift to pay his 1963 account before Swift would sell him any further products. Exhibit 2 reflects that he did this. However, the items in the sworn account sued for in this action were incurred in 1964.
In summary, the defendant offered no more than a scintilla of evidence to support *462 his plea of payment. Conversely, the plaintiff’s undisputed evidence shows that defendant had not paid the items in the sworn account sued on. For these reasons, the judgment of the circuit court is reversed, and judgment is rendered here for Swift against Kelley for the sum of $3,364.95 plus interest.
Reversed and judgment rendered here for appellant.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.