### 50830. KERSH et al. v. MANIS WHOLESALE COMPANY et al.

QUILLIAN, Judge.

Douglas and Dorothy Kersh brought a complaint in Whitfield Superior Court against Manis Wholesale Co. and Wheeler J. Manis. As stated in the brief of appellants, "appellants as lessor and appellees as lessee and guarantor respectively executed a lease agreement which provided in relevant portions for the following: (1) Payment of rent at Three Hundred Fifty ($350.00) Dollars per month. . . (2) Surrender of premises in 'as found' condition. . . (3) Removal of fixtures and equipment at termination and expiration of the lease. . . (4) Required lessee not to leave the premises unoccupied. . . Upon

lessee's alleged default in the items 1 through 4 listed above, and liquidated and unliquidated consequential damages flowing therefrom as alleged in appellants' complaint, lessor made demands concerning said items to lessee as per a letter of September 9, 1974. The lessee and guarantor responded by forwarding a certified check in the amount of Seven Hundred ($700.00) Dollars equal to the two months arrearage claimed. The check was dated October 4, 1974, and contained the following language on the reverse. 'Acceptance and Indorsement of this check constitutes a full and final settlement between lessor and lessee with regard to any obligation by lessee to lessor under lease dated 9/1/71 and further constitutes the same . . . [Signatures blank.]' The legal interpretation and import of the indorsement language is determinative of all issues presented to this Court." The check was not indorsed by the lessors (Plaintiffs). However, they did have the check certified by the issuing bank.

The lease provided: "Lessor shall not be required to make any repairs or improvements thereon except to purchase materials from the Lessee to reroof a shed. . ." Another paragraph of the lease contained the following language: ". . . Lessee will pay all materialmen and/or laborers doing work upon the premises. . ."

The defendants denied the material allegations of the complaint and set forth affirmative defenses including a motion to dismiss predicated on a discharge due to the plaintiffs' acceptance of the check. The trial judge sustained the motion to dismiss and appeal was taken to this court by the plaintiffs. *Held:*

1. In *McIntire v. Raskin,* 173 Ga. 746, 750 (161 SE 363), the Supreme Court discussed the effect of certification of a check holding "If this check had been certified at the instance of the payee, the bank would have become the absolute debtor of the holder, and the drawers would have been released. In such circumstances the check would be regarded as paid as between the drawers and the holder. . . When a check has been certified at the request of the payee, since it operates as an immediate payment from the funds of the drawer, this deprives the payee of the right to order payment stopped."

This decision was followed in *Thompson v.*

*Thompson,* 203 Ga. 128 (2a) (45 SE2d 632), where there was a judgment pursuant to an alimony agreement which sum the husband paid to the wife's attorney, the attorney then delivered to her his own check in settlement and that check at her instance was certified by a bank. The court held: "The certification of the check by the bank at the instance of the wife amounted to payment of the check as to all parties except her and the bank, and resulted, therefore, in a settlement of the judgment for alimony."

Although both decisions were rendered under the law prior to present Code Ann. § 109A-3—411 (Ga. L. 1962, pp. 156, 261), the law then in effect was substantially the same. Compare old Code Ann. §§ 14-1705 and 14-1706 (repealed by Ga. L. 1962, pp. 156, 427).

It is therefore evident that the act of having the check certified constituted an acceptance of payment under the terms specified on the check. See 2 Anderson, Commercial Paper, UCC, 981, 982, § 3-411:6, which points out: "When the payee obtains the certification of a check he accepts and is bound by the notations already on the check, such as that the payee releases claims against the drawer and another person."

We recognize that the release in this case provides for both "acceptance and indorsement." Nevertheless, the plaintiffs did not avoid the consequence of the release rule by merely failing to sign or indorse the check. They received payment and the drawer was released. Code Ann. § 109A-3—411 and cases cited above.

2. The only question remaining concerns the following allegations: "Defendants have breached paragraphs 12 and 20 of the lease agreement and have not surrendered the property to the plaintiffs in the same condition as the commencement of the terms, natural wear and tear excepted, in that the defendants negligently permitted buildings leased from the plaintiffs to go without fire alarm, fire warning or watchman services and negligently failed to detect and extinguish a fire on the premises prior to the time the same completely destroyed the plaintiff's buildings thus causing the plaintiffs damage in the amount of Thirty Thousand ($30,000.00) Dollars. Wherefore, plaintiffs demand:... (d)

Damages to surrendered buildings due as per contract in the amount of Thirty Thousand ($30,000.00) Dollars and/or alternatively as a result of negligent failure to protect from fire, detect or extinguish fire once discovered upon the premises. . ."

It is contended that the agreement did not include a release of these damages which sounded in tort, not contract. The agreement provided full settlement "with regard to any obligation by lessee to lessor under lease dated 9-1-71."

Here the tenant's obligation to maintain fire prevention was derived from the contract. Absent the contractual provisions recited in the statement of facts the landlord would have been obligated to maintain the premises. Code § 61-111.

The tenant's agreement to surrender the premises in "as found" condition, and thus repair, maintain and protect, absolved the landlord of his responsibility in such regard. *Bell House v. Wilkins,* 34 Ga. App. 285 (1) (129 SE 797). While the claim for damage may sound in tort it arose out of the contract. Compare *Frank Graham Co. v. Graham,* 90 Ga. App. 840, 842 (84 SE2d 579). Hence, it was an "obligation by lessee to lessor under the lease" as that phrase was used in the release.

An accord and satisfaction occurred and its terms included the damage sought for fire loss. The trial judge did not err in granting the motion to dismiss.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

Submitted June 25, 1975 — Decided September 5, 1975 — Rehearing denied October 1, 1975 — 

*Mitchell, Mitchell, Coppedge & Boyett, Warren N. Coppedge, Jr.,* for appellants.

*McCamy, Minor, Phillips & Tuggle, James H. Phillips,* for appellees.