362 So.2d 196 (1978)
William H. LOVORN, d/b/a Lovorn Plywood Sales
v.
IRON WOOD PRODUCTS CORPORATION.
No. 50518.
Supreme Court of Mississippi.
August 23, 1978.
H.A. Courtney, Jackson, for appellant.
Binder & Howell, William B. Kirksey, Jackson, for appellee.
Before SMITH, P.J., and BROOM, and LEE, JJ.
BROOM, Justice, for the Court:
Accord and satisfaction based upon a check (with a restrictive endorsement thereon) *197 negotiated by appellant Lovorn was successfully asserted by appellee, Iron Wood Products Corporation (Iron Wood herein) in the lower (circuit) court. Lovorn sued Iron Wood first in the County Court of the First Judicial District of Hinds County, where he received a judgment. Iron Wood appealed to the Circuit Court of the First Judicial District of Hinds County which reversed, holding that Lovorn's acceptance of the check containing the restrictive endorsement constituted an accord and satisfaction. We affirm.
Lovorn had been a sales representative for Iron Wood several years when a dispute developed between them as to amount of commissions owed Lovorn by Iron Wood. After considerable correspondence between the parties, Iron Wood tendered to Lovorn two checks dated March 10, 1976, one in the amount of $7,707.87 and the other in the amount of $664.93. The former contained the following statement on the reverse side:
Endorsement of this check constitutes payment in full and without recourse for the period ending December 27, 1975.
The latter check contained the following words on the back:
Endorsement constitutes acceptance of final payment through the first four weeks of January ending January 24.
Lovorn received and endorsed the check for $7,707.87, but returned to Iron Wood the check for $664.93.
DID THE CIRCUIT COURT CORRECTLY RULE THAT LOVORN'S ACCEPTANCE OF THE CHECK IN THE AMOUNT OF $7,707.87 CONSTITUTES AN ACCORD AND SATISFACTION: The four basic conditions of an accord and satisfaction are: (1) something of value offered in full satisfaction of demand; (2) accompanied by acts and declarations as amount to a condition that if the thing offered is accepted, it is accepted in satisfaction; (3) the party offered the thing of value is bound to understand that if he takes it, he takes subject to such conditions; and (4) the party actually does accept the item. Cooper & Rock v. Yazoo & M.V.R.R., 82 Miss. 634, 35 So. 162 (1903).
We point out that the language of the restrictive endorsement on the reverse side of the check in question could arguably be considered ambiguous and interpreted to mean that it covered commissions owed only for a period of time ending December 27, 1975, and would not necessarily be related to some period earlier than the pay period ending on that date. However, the endorsement must be considered along with other facts with which Lovorn was confronted and had knowledge. The stub on the check clearly stated that it covered "sales commissions earned through December 27, 1975." Accompanying the check in question was a letter advising Lovorn that the check "represents the back commissions owed Mr. Lovorn through 12/27/75." Additionally, the record shows that Lovorn admitted that he had already been paid for the period of four weeks ending December 27, 1975. Having already been paid for the four week period ending on that date, Lovorn's receiving another check far in excess of what he actually earned (as was the case here) operated to put him on notice that the restrictive endorsement on the check covered not only the four weeks of the pay period immediately preceding December 27, 1975, but a greater period of time. Lovorn testified at trial that: "They were trying to attack that restrictive endorsement on that check to where if I did cash the check . . that would be the end of what they owed."
Based upon the testimony, including the documents made part of the record, we hold that Lovorn was sufficiently put on notice that the check was offered in full payment of all disputed claims for sums owed him as commissions prior to December 27, 1975. He should have understood, upon such circumstances, that Iron Wood was contending that the amount of the check constituted the entire balance due him to that date. On these circumstances, Lovorn cannot be allowed to assert his claim for additional sums after having accepted, endorsed, and negotiated the check which was obviously tendered in full settlement. Having dealt with the check in such a manner and accepting the proceeds of the check, Lovorn is *198 now precluded from recovering further sums related to dates prior to the date of the check.
Although we conclude that the circuit court correctly upheld the contention of Iron Wood as to accord and satisfaction (reversing the county court judgment), at oral argument counsel for both litigants stated that William H. Lovorn, d/b/a Lovorn Plywood Sales, is entitled to judgment against Iron Wood in the sum of $2700 rather than $1780 as adjudged by the circuit court. Therefore, the judgment of the circuit court is modified and an order entered here so as to fix the amount of the judgment in favor of Lovorn to be $2700 rather than $1780 as stated. In all other respects the judgment of the circuit court is affirmed.
AFFIRMED AS MODIFIED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.