448 So.2d 286 (1984)
T.C. COOK & Mack Hicks, d/b/a Cook's Crossing Auto Center
v.
Jack BOWIE, et al.
No. 54869.
Supreme Court of Mississippi.
March 7, 1984.
Rehearing Denied April 25, 1984.
H. Russell Rogers, Ward & Rogers, Hugh L. Brown, Starkville, for appellants.
Thomas A. Coleman, Ackerman, for appellees.
*287 Before ROY NOBLE LEE, PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
This is an appeal from the Circuit Court of Choctaw County, Mississippi, from a final judgment on a jury verdict in favor of the defendants Jack Bowie, Kaye Bowie and Michael Hanley, in an action by the appellants to recover two dishonored negotiable instruments.
There are three assignments of error, to-wit:
(1) That the lower court erred in failing to grant appellants a peremptory instruction on the issue of liability and damages;
(2) That the trial court erred in allowing appellees' instruction number 3 as it improperly defined the burden of proof required of the appellees in order to establish accord and satisfaction; and
(3) That the verdict of the jury was against the overwhelming weight of the evidence.
The parties are used car dealers who at least on three occasions did business with one another, and it is from these transactions that the controversy arose. The sole defense raised at the trial was accord and satisfaction.
In Lovorn v. Iron Wood Products Corporation, 362 So.2d 196, 197 (Miss. 1978), this Court stated that the four basic elements of an accord and satisfaction are,
(1) something of value offered in full satisfaction of demand; (2) accompanied by acts and declarations as amount to a condition that if the thing offered is accepted, it is accepted in satisfaction; (3) the party offered the thing of value is bound to understand that if he takes it, he takes subject to such conditions; and (4) the party actually does accept the item.
In Roberts v. Finger, 227 Miss. 671, 677-78, 86 So.2d 463, 465 (1956), this Court held that,
One of the essential elements of an accord and satisfaction is an agreement, or a meeting of the minds of the parties. This agreement must have all the essentials of a contract and may be express, or implied from the circumstances.
Simmons v. Langston, 241 Miss. 36, 128 So.2d 749 (1961), is a case factually similar to this cause. There the defense was also accord and satisfaction and was also based solely upon the testimony of one of the defendants, unsupported by any documentation. The Simmons Court stated:
[T]he fact that delivery of encumbered property to the creditor is made in discharge of the old debt must be made known to the creditor in some unmistakable manner.
241 Miss. at 39, 128 So.2d at 750. The Court then held that the testimony did not indicate the parties had agreed to an accord and satisfaction and that the trial judge had erred in submitting the issue to the jury.
These three cases are controlling. The evidence was not sufficient for appellee to prove all four elements of accord and satisfaction. There was no agreement; no meeting of the minds. It was error to refuse to grant the peremptory instruction for appellants as no jury issue had been made.
The first assignment of error being dispositive of this cause, assignments two and three will not be discussed.
Accordingly, the judgment of the Circuit Court of Choctaw County is reversed and judgment is entered here for the appellants for the sum of $22,050, together with civil penalty in the amount of $5,512.50, pursuant to the authority of Mississippi Code Annotated § 11-7-12(c) (Supp. 1983), and costs of court.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.