609 So.2d 401 (1992)
Louis ALEXANDER and Sam Alexander
v.
TRI-COUNTY COOPERATIVE (AAL).
No. 89-CA-1317.
Supreme Court of Mississippi.
August 26, 1992.
*402 Jan R. Butler, Butler & Butler, Eupora, for appellants.
J.R. Gilfoy, Lexington, for appellee.
Before DAN M. LEE, P.J., and PRATHER and ROBERTSON, JJ.
DAN M. LEE, Presiding Justice, for the Court:
Today's appeal from the Circuit Court of Holmes County, Mississippi, concerns the alleged wrongful granting of a summary judgment as to the apparent authority of a crop duster to purchase chemicals for appellants Louis and Sam Alexander (Alexanders) from appellee Tri-County Co-op (co-op).
Co-op filed suit against the Alexanders and crop duster Lamar Sykes to collect a total amount of $13,200.33 for a purchase of the chemical Pix, attorneys fees, and service charges, and the Alexanders cross-claimed against Sykes. The court granted Sykes' unopposed motion to dismiss as against him, which has not been appealed. On November 9, 1989, the lower court granted summary judgment in favor of the co-op against Louis Alexander for $6,138.46 and against Sam Alexander for $7,061.87.
Feeling aggrieved, the Alexanders appeal, assigning three errors for review. The first two assignments of error have been consolidated for clarity:
I. Is the issue of whether a person has apparent authority to act for another a factual issue to be decided by a jury, and if so, was it error for the co-op to have been granted summary judgment in the court below?
II. Must a creditor, tendered a check marked "paid in full," present the check to the bank for payment before it will constitute acceptance of the check for purposes of establishing accord and satisfaction?
*403 Because we find that a person's apparent authority to act on behalf of another is a factual question, and because the presence of fact questions precluded the proper granting of summary judgment, we reverse in part. However, we find the lower court correctly determined that acceptance by a creditor of a check for less than the amount owed, yet marked "Paid In Full," did not constitute acceptance for the purposes of accord and satisfaction when the creditor did not cash the check, and affirm thereasto.

FACTS
Louis and Sam Alexander contracted with local crop duster Lamar Sykes to have their cotton fields sprayed with three different chemicals, one of which was known as Pix. On July 9, 1988, Sykes went to the co-op in Pickens, Mississippi, and placed an order for the chemicals. As was his custom, Sykes had the co-op charge the chemicals to the Alexander brothers' respective open accounts at the co-op, in proportion to each brother's acreage. That afternoon, Sykes received the chemicals, loaded up his airplane, and proceeded to spray the Alexanders' cotton fields.
At the end of the month the Alexanders received their chemical bills from the co-op and thought that a mistake had been made, because the charges for the chemical Pix were unusually high. Due to a "miscommunication" between the Alexanders and Sykes, 88 gallons of Pix were purchased from the co-op by Sykes, and were charged to the Alexanders' open accounts based upon the acreage of cotton each brother farmed, without written authority. The Alexanders contend they asked Sykes to purchase approximately 11 gallons of Pix, but instead he purchased and dispersed 88 gallons of pix, at $8,360.00.

I. Is the issue of whether a person has apparent authority to act for another a factual issue to be decided by a jury, and if so, was it error for the co-op to have been granted summary judgment in the court below?
The Alexanders contend, and the co-op admits, that under Mississippi case law the issue of one person's apparent authority to act on behalf of another is a question of fact. The co-op attempts to say that because of course of dealings, that rule of law does not apply here. We find the argument unpersuasive, because course of dealings is just one factor for a finder of fact to consider in determining the apparent authority of an agent.
According to the Alexanders, the co-op had the duty to inquire further into Sykes' authority to act on their behalf because: (1) the order for 88 gallons of Pix was the largest such order the co-op had ever received; (2) Louis Alexander had never made a charge at the co-op in excess of $762.50, but the Pix charge was for $4,236.00; and (3) Sam Alexander had never charged over $752.50 at the co-op before, but his Pix charge on the day in question was $4,874.00.
Thus the issue first confronted is crop duster Sykes' apparent authority to act on behalf of the Alexander brothers. The elements required for a finding of apparent authority are stated as follows:
There are three essential elements to apparent authority: (1) Acts or conduct of the principal; (2) reliance thereon by a third person, and (3) a change of position by the third person to his detriment. All must concur to create such authority. 2 C.J.S. Agency § 96e.
Steen v. Andrews, 223 Miss. 694, 697-98, 78 So.2d 881, 883 (1955).
This Court has clearly stated that apparent authority is an issue of fact:
The question of whether or not a person has apparent authority is a factual issue to be decided by the chancellor or by the jury, if in circuit court.
Clow Corp. v. J.D. Mullican, Inc., 356 So.2d 579, 583 (Miss. 1978), citing McPherson v. McLendon, 221 So.2d 75 (Miss. 1969).
Regarding the apparent authority of an agent, we have also said:
[I]t was error under the facts in this record to grant the peremptory instruction. We think it is a case for the jury under the appropriate instructions. *404 Allen v. Moss Tie Co., 157 Miss. 392, 402, 128 So. 351, 354 (1930).
In a 1977 case decided under Mississippi law, it was stated:
Proof of agency does not depend upon a written agreement. Partee v. Pepple, 197 Miss. 486, 20 So.2d 73 (1944). In the absence of express written terms creating the relationship, the existence of an agency is a fact question. Engle Acoustic & Tile, Inc. v. Grenfell, 223 So.2d 613 (Miss. 1969).
Weathersby v. Gore, 556 F.2d 1247, 1252 (5th Cir.1977).
The Alexanders properly point out that one who deals with an agent must know at his peril the extent of the agent's authority, and we have said:
Of course, it is familiar learning that a person dealing with an agent must know at his peril the extent of the agent's authority to bind his principal; but where the principal has placed his agent in a position where he appears with reasonable certainty to be acting for the principal and his acts are within the apparent scope of his authority his acts will bind the principal.
Allen v. Moss Tie Co., 157 Miss. at 402, 128 So. at 354.
Since Sykes possessed no written authority and the Alexanders deny he possessed any apparent authority to so act on their behalf, the course of past dealings was but one factor that could be considered by a jury in determining the ultimate issue of whether Sykes possessed the necessary authority to charge these large amounts of Pix to the Alexanders' respective co-op open account. We have held that the issue of one's apparent authority to act for another is a factual one, and when a motion for summary judgment is made, the court does not decide questions of fact, but merely determines if there are such factual questions to be decided at trial on the merits. Lowery v. Guaranty Bank and Trust Co., 592 So.2d 79, 81 (Miss. 1991); Newell v. Hinton, 556 So.2d 1037, 1041 (Miss. 1990); Allison v. State Farm Fire & Cas. Co., 543 So.2d 661 (Miss. 1989); and Short v. Columbus Rubber & Gasket Co., 535 So.2d 61, 63-64 (Miss. 1988).
This Court has said:
A motion for summary judgment lies only where there is no genuine issue of material fact; summary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried.

Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983) (emphasis in original).
Thus we conclude that the lower court erred because the issue of Sykes' apparent authority to act on behalf of the Alexanders was a factual question and summary judgment should not have been granted. Accordingly, we must reverse.

II. Must a creditor, tendered a check marked "paid in full," present the check to the bank for payment before it will constitute acceptance of the check for purposes of establishing accord and satisfaction?
We hold that under Lovorn v. Iron Wood Prods. Corp., 362 So.2d 196, 197 (Miss. 1978), the lower court correctly denied the Alexanders the defense of accord and satisfaction.
Louis Alexander mailed two checks to the co-op at the end of the month, and in the corner of each check was the statement "Paid In Full." The check he mailed in his own behalf was for $816.00, and the check he wrote for his brother Sam was for $979.00; the checks represented the price of the 11 gallons of Pix the Alexanders contend they asked Sykes to purchase for them, not $8,360.00, the price of 88 gallons of Pix the co-op delivered to Sykes and charged to the Alexanders' open accounts.
The co-op retained the checks, but did not cash them.
To establish accord and satisfaction, four basic conditions must be satisfied:
(1) Something of value is offered in full satisfaction of the demand;
(2) This act is accompanied by acts or declarations which amount to a condition *405 that if the thing offered is accepted, it is accepted in satisfaction;
(3) The party offered the thing of value is bound to understand that if the thing offered is accepted, it is accepted in satisfaction of the total debt; and
(4) The party actually does accept the item.
Lovorn v. Iron Wood Prods. Corp., 362 So.2d 196, 197 (Miss. 1978), citing Cooper & Rock v. Yazoo & M.V.R.R., 82 Miss. 634, 35 So. 162 (1903).
As to the defense of accord and satisfaction, the acceptance of a check without cashing it does not establish the fourth element of the Lovorn test, and therefore the lower court is affirmed in so determining. Lovorn, 362 So.2d at 197 (cashing a check constitutes acceptance for purposes of establishing accord and satisfaction); see also, Sherwin-Williams Co. v. Sarrett, 419 So.2d 1332, 1335 (Miss. 1982) (certification of a check "is practically the equivalent of collecting or cashing it," and amounts to acceptance for purposes of accord and satisfaction), citing Kersh v. Manis Wholesale Co., 135 Ga. App. 943, 219 S.E.2d 604 (1975).
Accordingly, we reverse and remand as to the granting of summary judgment regarding the apparent authority of Sykes to purchase from the co-op but affirm as to the finding of no accord and satisfaction.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART, CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.