# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-00019-SCT

*ROBIN MEDLIN*

*v.*

*HAZLEHURST EMERGENCY PHYSICIANS,*
*EMCARE OF MISSISSIPPI, INC. a/k/a EMCARE,*
*INC., WILLARD SPEED, JR., M.D., COPIAH*
*MEDICAL ASSOCIATES, BRIAN TWEDT, M.D.,*
*PHILIP CRANSTON, M.D., AND ROBERT L.*
*WALKER, M.D.*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/25/2002 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BRENT E. SOUTHERN |
| ATTORNEYS FOR APPELLEES: | MARK P. CARAWAY |
| | JAN F. GADOW |
| | AUBREY BRYAN SMITH, III |
| | STUART BRAGG HARMON |
| | JOHN ALFRED WAITS |
| | ROBERT S. ADDISON |
| | JEFFREY RYAN BAKER |
| | WALTER T. JOHNSON |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | ON DIRECT APPEAL: REVERSED AND REMANDED;  ON CROSS-APPEAL: AFFIRMED - 01/15/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, P.J., EASLEY AND GRAVES, JJ.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. In this medical negligence case, Robin Medlin sued Hardy Wilson Memorial Hospital (Hospital); Hazelhurst Emergency Physicians (Physicians); Emcare of Mississippi, Inc. (Emcare); Willard Speed, Jr., M.D.; Robert L. Walker, M.D.; Copiah Medical Associates (Copiah); Brian Twedt, M.D.; and Philip Cranston, M.D. (Defendants). In her complaint, Medlin alleged that the defendants were negligent in their diagnosis, treatment and care of her for injuries she received in an automobile accident.

¶2. Medlin filed her complaint on May 11, 2001. On July 22, 2002, Medlin filed a motion for an enlargement of time within which to serve process. The trial court granted Medlin thirty additional days to serve Drs. Cranston and Twedt on July 25, 2002. Dr. Walker and Copiah Medical Associates filed their motion for summary judgment, grounded on accord and satisfaction and election of remedies. Dr. Twedt joined in that motion for summary judgment. Dr. Twedt filed a supplemental motion for summary judgment contending that Medlin failed to support her medical negligence claim with any expert opinion/testimony. Dr. Twedt cross-appeals from the trial court's ruling that the doctrine of election of remedies does not apply and cross-appeals from the order denying his motion to dismiss based on the statute of limitations and supplemental motion for summary judgment regarding Medlin's failure to support her medical negligence claims with an appropriate expert witness.

¶3. The trial court heard oral arguments on November 19, 2002, and entered an order and judgment of dismissal on November 25, 2002. In its order, the trial court denied the defendants' arguments for summary judgment based on the election of remedies doctrine but granted summary judgment to all defendants based on the doctrine of accord and satisfaction.

¶4. On December 13, 2002, the trial court entered a second order clarifying the first with the following statement:

The Court having considered the Motions and Briefs filed by all parties finds that since this same case was previously tried against different Defendants and the jury having come back with a final Judgment award for all Plaintiff's damages arising out of this cause of action, Defendants' Motions For Summary Judgment is well taken and is granted under the doctrine of accord and satisfaction.

¶5. Medlin filed this appeal from that summary judgment raising the sole issue of whether the trial court erred in granting summary judgment based on accord and satisfaction.

¶6. On cross-appeal, Hazelhurst Emergency Physicians, Emcare of Mississippi, Inc., and Speed raised an additional issue as to whether the trial court erred in denying summary judgment based on the doctrine of election of remedies.

¶7. On cross-appeal, Drs. Cranston and Twedt raised the two additional issues following: whether the trial court erred in denying summary judgment with regard to Medlin's expert witnesses and whether the trial court erred in denying summary judgment based on the statute of limitations.

## FACTS

¶8. On May 12, 1999, Medlin was injured in a motor vehicle accident and transported to Hardy Wilson Memorial Hospital in Hazelhurst, Mississippi. She was first treated by Dr. Speed, who admitted her to the emergency room and ordered x-rays. The x-rays were interpreted by Dr. Twedt and Dr. Cranston at the hospital. Medlin was later admitted to the hospital and transferred to Dr. Walker's care. Medlin was discharged on May 17, 1999, but she continued to have pain and discomfort in her neck, back, shoulders, and arms. After consulting other physicians, Medlin discovered she had fractures in her neck, arm, and thumb.

¶9. In separate litigation, Medlin sued D & M Trucking, Inc., Michaels Walls, Clancy's Lawn Care and Landscaping, Inc., and Adrian Gonzales for damages for the injuries she sustained in the accident. Clancy's Lawn Care and Landscaping, Inc. and Adrian Gonzales settled with Medlin. The case went to

3

trial against D & M Trucking, Inc. and Michael Walls, and the jury found that Medlin had suffered

$300,000 in damages, but that D & M Trucking, Inc. and Michael Walls were not liable to her. The jury

did not attribute fault to any other party. At trial, there was no assertion that Medlin's damages for

permanent injury were caused by the actions or inactions of the treating physicians or hospital. Punitive

damages were not considered by the jury.

## STANDARD OF REVIEW

¶10.     This Court employs a de novo standard in reviewing a summary judgment. *Wallace v. United*

*Miss. Bank*, 726 So. 2d 578, 582 (Miss. 1998) ; *Allen v. Mac Tools, Inc.*, 671 So.2d 636, 640

(Miss. 1996); *National Farmers Union Prop. & Cas. Co. v. First Columbus Nat'l Bank*, 669

So.2d 767, 769 (Miss. 1996); *Owen v. Pringle*, 621 So.2d 668, 670 (Miss. 1993). As provided by

Miss. R. Civ. P. 56(c), summary judgment is only appropriate "if the pleadings, depositions, answers to

interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to

any material fact and the moving party is entitled to judgment as a matter of law."

¶11.     In determining whether a "genuine issue as to any material fact" exists, this Court will view the facts

in a light most favorable to the non-moving party. *Beyer v. Easterling*, 738 So. 2d 221, 224 (Miss.

1999); *Brown v. Credit Ctr., Inc.*, 444 So.2d 358 (Miss.1983).

## DISCUSSION

I.     **WHETHER THE TRIAL COURT ERRED IN GRANTING ALL DEFENDANTS SUMMARY JUDGMENT BASED ON THE DOCTRINE OF ACCORD AND SATISFACTION.**

¶12.     On direct appeal Medlin contends that the trial court erred in granting summary judgment against

her based upon the doctrine of accord and satisfaction. We agree.

4

¶13.    An accord and satisfaction "must have all the essentials of a contract and may be express, or implied from the circumstances." *Cook v. Bowie*, 448 So. 2d 286, 287 (Miss. 1984) (quoting *Roberts v. Finger*, 227 Miss. 671, 677-78, 86 So. 2d 463, 465 (1956)).  There are four basic requirements of an accord and satisfaction:

> First, something of value must be offered in full satisfaction of demand.  Second, the offer must be accompanied by acts and a declaration which amount to a condition that if the thing offered is accepted, it is accepted in satisfaction.  Third, the party offered the thing of value is bound to understand that if he takes it, he takes it subject to the conditions.  Last and fourth, the party must actually accept the item offered.

*Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.*, 857 So. 2d 748, 754 (Miss. 2003). *See also Wallace v. United Miss. Bank*, 726 So. 2d 578, 589 (Miss. 1998); *Alexander v. Tri-County Co-op. (AAL)*, 609 So. 2d 401, 404-05 (Miss. 1992); *Lovorn v. Iron Woods Prods., Corp.*, 362 So. 2d 196, 199 (Miss. 1978).    To meet the first three elements, there must be a meeting of the minds between the parties. *Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.*, 857 So. 2d at 754. *See also Wallace*, 726 So. 2d at 589; *Cook*, 448 So. 2d at 287; *Roberts*, 227 Miss. at 677-78, 86 So. 2d at 465.

¶14.    Neither the trial court nor the defendants offer any analysis of these four basic requirements.  Also, none of the parties in this case reference an agreement between Medlin and any of the defendants.  Furthermore, the record does not evidence such an agreement or the meeting of the minds of these parties.  Therefore, this record does not establish an accord and satisfaction, and a summary judgment based on that doctrine cannot stand.  This Court finds that the trial court erred in granting the defendants' summary judgment based on accord and satisfaction.

¶15.    On cross-appeal, the defendants raise the remaining three issues.

## II. WHETHER THE TRIAL COURT PROPERLY DENIED SUMMARY JUDGMENT BASED ON ELECTION OF REMEDIES.

¶16. In *Beyer v. Easterling*, 738 So. 2d 221, 224 (Miss. 1999), this Court concluded that "the doctrine of election of remedies is in disfavor nationwide, and the doctrine is generally applied with caution and only in cases where the equities so dictate." (footnote omitted). The purpose of the doctrine of election of remedies is to prevent a litigant from presenting inconsistent causes of action or testimony before the court. *Id*. As outlined in *Beyer*, a plaintiff's action is barred if the following three requirements are met: "(1) There exist two or more remedies; (2) The remedies are inconsistent, and (3) The plaintiff has previously made a choice of one of them." *Id.* (citing *Aetna Cas. & Sur. Co. v. Berry*, 669 So. 2d 56, 72 (Miss. 1996)).

¶17. At least two remedies are available to Medlin: a tort action for damages against the persons responsible for the motor vehicle accident and another tort action for damages against the persons responsible for any medical negligence that may have occurred, so the first requirement is met. The more pertinent question is whether these two remedies are inconsistent.

¶18. In the complaint filed in the first action, Medlin asked for "All of the injuries, past, present and future pain and suffering, disabilities and other losses and damages, including lost wages and loss of wage earning capacity, were directly and proximately caused by the aforementioned actions of the Defendant Gonzales and his employer, Clancy's Lawn Care and Landscaping, Inc." Medlin asked the same of "Defendant Walls and his employer, D&M trucking, Inc." Damages resulting from medical negligence or medical malpractice are not mentioned in the complaint.

¶19. The jury returned a verdict finding damages to be $300,000 in answer to the question, "What is the total amount of damages incurred by the plaintiff, Robin Medlin, as a result of the accident in question?"

6

The jury's verdict does not indicate that it decided the amount of damages due to any medical negligence that occurred. The two remedies sought, resulting from the two separate torts are not inconsistent. Therefore, the second requirement for the election of remedies doctrine has not been met. Genuine issues of material fact exist as to whether the remedies sought by Medlin were inconsistent. This Court finds that the trial court did not err in denying summary judgment based on election of remedies.

### III. WHETHER THE TRIAL COURT PROPERLY DENIED SUMMARY JUDGMENT WITH REGARD TO THE PLAINTIFF'S EXPERT WITNESSES.

¶20. Drs. Cranston and Twedt cite to *Travis v. Stewart*, 680 So. 2d 214 (Miss. 1996), as support for their claim that mere allegations of malpractice are insufficient. They argue that Medlin did not provide enough expert medical testimony to establish a prima facie case against them. In *Travis*, this Court found that the plaintiffs provided no expert medical testimony contradicting the opposing affidavit. *Id.* at 218. "Moreover, [the plaintiffs] failed to present a medical expert to identify and articulate the requisite standard that was allegedly breached." *Id*. (citing *Barner v. Gorman*, 605 So.2d 805, 809 (Miss. 1992); *Latham v. Hayes*, 495 So.2d 453 (Miss. 1986)). Viewing the proof in the light most favorable to the nonmoving party, in *Travis* we concluded the plaintiffs' failed "to bring forward [any] significant probative evidence demonstrating the existence of [a] triable issue of fact." *Travis*, 680 So.2d at 218 (citing *Phillips v. Hull*, 516 So.2d 488, 491 (Miss. 1987), quoting *Brown v. Credit Ctr., Inc.*, 444 So.2d at 364 (citation omitted)).

¶21. In this case, Medlin has provided expert witness evidence in support of her medical negligence allegations; she did not fail to bring forward any significant probative evidence. Therefore, there are genuine

issues of material fact for the fact finder, and summary judgment is not proper. This Court finds that the trial court did not err in denying summary judgment with regard to Medlin's expert witnesses.

## IV. WHETHER THE TRIAL COURT PROPERLY DENIED SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS.

¶22. Before Medlin served Drs. Cranston and Twedt with process, she asked the trial court for an extension of time in which to serve them.. The trial court granted that extension on July 25, 2002. M.R.C.P. 4(h) provides a 120-day time limit to perfect service of process unless good cause can be shown why service was not made within 120 days. In her motion for enlargement of time, Medlin cited the following reasons justifying extra time: when summonses were issued on September 17, 2001, Medlin was told by Hardy Wilson Memorial Hospital that Drs. Twedt and Cranston were not employed there, and Medlin's search for the doctors on the American Medical Association's website turned up no listings for either doctor. Also, an affidavit by Justin Pace details the circumstances surrounding the initial attempted service on Dr. Cranston and the successful service on Dr. Cranston. This affidavit asserts that Dr. Cranston answered the door at his residence on the first attempted service but denied that Dr. Cranston lived at the address. The affidavit further asserts that employees of the Hardy Wilson Memorial Hospital, who were questioned by Pace, denied knowing Drs. Cranston or Twedt and even suggested the doctors may have been interns at the time of Medlin's medical treatment.

¶23. As this Court stated in *Rains v. Gardner*, 731 So. 2d 1192, 1197 (Miss. 1999), "Such a determination of 'good cause' would be a discretionary ruling on the part of the trial court and entitled to deferential review of whether the trial court abused its discretion and whether there was substantial evidence supporting the determination." Neither Dr. Twedt nor Dr. Cranston asserts that the trial court abused its discretion, and the record supports the trial court's findings of good cause. Therefore, this Court

finds that the trial court did not err in denying the motion for summary judgment based on the statute of limitations.

## CONCLUSION

¶24.    We hold that the trial court erred in granting summary judgment to the defendants based on the doctrine of accord and satisfaction. On the cross-appeals, we find that the trial court did not err in denying summary judgment based on the doctrine of election of remedies, statute of limitations, or expert witnesses. Therefore, we affirm the trial court's judgment to the extent that it denied summary judgment to the defendants based on election of remedies, statute of limitations, and plaintiff's expert witnesses. We reverse the summary judgment for the defendants based on accord and satisfaction, and we remand this case for a trial consistent with this opinion.

¶25.    **ON DIRECT APPEAL:  REVERSED AND REMANDED. ON CROSS-APPEAL: AFFIRMED.**

**PITTMAN, C.J., WALLER, P.J., COBB, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR.  EASLEY, J., CONCURS IN RESULT ONLY.  DIAZ, J., NOT PARTICIPATING.**

9